## LYLE CZECH v. CITY OF BLAINE.

253 N. W. 2d 272.

April 15, 1977—No. 46481.

*Sweeney & O'Connor* and *Thomas M. Sweeney,* for appellant.
*Wurst, Bundlie, Carroll & Crouch, Gerald T. Carroll, Jr.,* and *Albert Faulconer III,* for respondent.

Heard before Rogosheske, Kelly, and Todd, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Respondent Lyle Czech is the owner of a mobile home park

in the city of Blaine. In 1973 he acquired property immediately adjacent to his site and sought a special-use permit to use the acquired site as a mobile home park. He obtained all necessary preliminary approvals, but at a meeting of the Blaine City Council he discovered that the Blaine ordinances required rezoning. Czech applied for rezoning, obtained all preliminary approvals, but his application for rezoning was rejected. Czech commenced action against Blaine alleging the action of the city council was capricious and illegal, and challenging the constitutionality of Blaine Ordinance No. 163. The trial court held the ordinance unconstitutional, treated the matter as an application for a special-use permit, and ordered Blaine to issue such a permit. We decline to affirm on the grounds stated by the trial court, but do conclude that Blaine's refusal to rezone constituted an unconstitutional taking of Czech's property under the facts of this case.

In 1970, Czech purchased a parcel of land in Blaine. Since the land was zoned B-3, he operated a mobile home park on the property by virtue of a special-use permit obtained by the preceding owner. Thereafter, Czech acquired additional property immediately west of his present mobile home park which was also zoned B-3. Czech purchased the property for the specific purpose of expanding his mobile home park on the new site. He contacted the city building inspector who informed him that a special-use permit would have to be obtained in order to operate a mobile home park on the acquired site. Czech completed a special-use permit application and submitted it to the planning commission in July 1973. The application was accompanied by all the data required by Blaine city ordinances and included approval of the application by the police and fire departments as well as the watershed district. The only person to voice an objection to Czech's permit request at a September 1973 public hearing was the mayor of Lexington, a neighboring community of Blaine. His objection to Czech's application related to the capacity of the sewer line which would service the trailer park. Despite the objection, the planning commission unanimously approved the application in a subsequent meeting.

The Blaine City Council held a public hearing on Czech's application on December 6, 1973. At this hearing a person in the audience called the city council's attention to the fact that the Blaine City ordinances were amended in 1968 to establish an R-4 district for mobile home parks in the city. However, in December 1973, every mobile home park in the city was located in a B-3 district and operated by virtue of a special-use permit. Also, at the time of Czech's hearing there was not one parcel of land within the city zoned as R-4.[1] In reaction to the information it received concerning the 1968 amendment, the council declined to act on the application for a special-use permit.

In response to the inaction of the city council, Czech immediately completed and filed a petition to rezone his new site from B-3 to R-4. He again appeared before the planning commission with all the necessary data and approvals. At this public hearing no one appeared in opposition to his application. On January 17, 1974, Czech once again found himself in front of the Blaine City Council where his petition to rezone the property was denied by a three-to-one vote, with one abstention. No reasons were stated for the denial, but the minutes of the meeting reflect a concern over sewer capacity. Czech's attorney appeared at a March 1974 meeting of the council where the minutes state that two of the three councilmen voting against the rezoning stated their reasons for denying approval.

Shortly thereafter, Czech brought action against the city of Blaine seeking in the alternative (1) that Ordinance No. 163, which amended the Blaine city zoning ordinance and established R-4 districts for mobile home parks, be declared unconstitutional; (2) that the city be ordered to rezone his property from B-3 to R-4; or (3) damages.

At trial, the evidence disclosed that the subject site is located in an area of high water tables. The property is bounded on the east by Czech's present mobile home park and on the west by an-

---

[1] Subsequent to this litigation, Blaine rezoned all the existing mobile home park property from B-3 to R-4.

other trailer park. The city of Lexington abuts the south side of the property while the land north of the subject site is zoned for multiple dwelling and light industry. A judicial ditch runs between Czech's present mobile home park and his proposed site to provide for drainage of surface waters.

The city council members were called as witnesses in the trial. Two of the members who voted to deny rezoning gave as reasons for their vote the problems of (1) the high water table; (2) the sewer capacity; and (3) surface water drainage. Although admitting to have read professional engineering reports which were contradictory to their position, they nevertheless relied on their personal judgment and observation concerning the site to reach the conclusion that the sewer and drainage capacities were inadequate to accommodate another trailer park. The third council member, who voted in opposition to the rezoning application, testified that he was fundamentally opposed to the expansion of mobile home parks within the city. The member who abstained from voting related that because he was a newly elected member on the city council he did not possess adequate information upon which to base an opinion on the matter. Finally, the mayor, who cast the only affirmative vote, testified that since the operation of a mobile home park is the only reasonable use of the property, rezoning should have been allowed.

The trial court made findings of fact, conclusions of law, and ordered judgment for plaintiff which provided in part:

"That Plaintiff is entitled to the judgment of this Court as follows:

"a. Declaring Blaine City Ordinance No. 163 and the accompanying scheme of zones in effect in Blaine during the period from September 5, 1968 to December, 1974, to be null and void and of no force and effect for said period, insofar as said Ordinance and scheme prohibited construction of mobile home parks in the City of Blaine.

"b. Ordering that the City Council of the City of Blaine, Minnesota should and shall forthwith cause to be issued to Plaintiff

a special use permit, a building permit and such other authorization as may [be] required for construction and operation by Plaintiff, upon the premises in question, of an addition to Plaintiff's existing mobile home park in accordance with the plans and specifications heretofore approved, on September 8, 1974, by the Planning and Zoning Commission of the City of Blaine."

We fail to perceive the reasons for such a broad application of the facts in this case. Rather, we regard this case as involving a rezoning application under a valid ordinance. When a city council acts on a rezoning application, it exercises a legislative power. Judicial review of a legislative body's determination is necessarily narrow. In order to successfully challenge a city council decision when it acts within its legislative capacity, proof must be submitted to affirmatively establish either an unconstitutional taking or an action in excess of the powers delegated to the legislative body. Sun Oil Co. v. Village of New Hope, 300 Minn. 326, 334, 220 N. W. 2d 256, 261 (1974).

After reviewing the record we conclude that the proper issue for determination in this case involves the question of an unconstitutional taking. U. S. Const. Amend. V; Minn. Const. art. 1, § 7. For there to be an unconstitutional taking a landowner must demonstrate that he has been deprived, through governmental action or inaction, of all the reasonable uses of his land. C. F. Lytle Co. v. Clark, 491 F. 2d 834, 838 (10 Cir. 1974); County of Freeborn v. Claussen, 295 Minn. 96, 203 N. W. 2d 323 (1972); see, generally, Freeman, *Give and Take: Distributing Local Environmental Control Through Land-Use Regulation,* 60 Minn. L. Rev. 883.

The record includes all the facts necessary to dispose of the singular issue of an unconstitutional taking which should have been the basis of the trial court's decision. The trial court made the following findings of fact which are not clearly erroneous and are amply supported by the evidence:

"That no substantial evidence to support a claim that the public health, safety or welfare of the residents of the City of Blaine

was endangered by Plaintiff's requested use, was presented at either the aforementioned hearing on Plaintiff's application for a special use permit on December 6, 1973, or the hearing on Plaintiff's application for rezoning on January 17, 1974.

"That the only reasonable and economical use of the subject tract is for use as a mobile home park.

"That the tract in question is extremely flat, comprised of sandy soil, and possessing a water table estimated to be three or four feet below the surface, making construction of single family dwellings with basements impossible, and eliminating the possibility of any commercial or industrial business buildings of any size.

"That the subject tract is bounded by mobile home parks on the west and east. That most of the property immediately to the north of the subject tract is zoned industrial.

"That the sanitary sewer presently existing in Restwood Road has sufficient capacity to handle the proposed mobile home park expansion.

"That Judicial Ditch No. 1, bisecting the Plaintiff's property between the existing park and the proposed expansion area, is adequate to handle surface water runoff from the park proposed by Plaintiff."

A thorough consideration of the entire record, together with the trial court's findings, mandates a conclusion that the denial of Czech's petition to rezone the subject site from B-3 to R-4 for use as a mobile home park was an unconstitutional taking of his property. The general characteristics of the property, including the high water table and the general nature of the terrain, virtually render it useless for any other use than a site for a mobile home park. Further, the evidence compels a finding that the public health, safety, and welfare will not be endangered by such a development on the property. The denial of rezoning under the facts of this case permits judicial intervention to protect the rights of the property owner. Pearce v. Village of Edina, 263 Minn. 553, 118 N. W. 2d 659 (1962).

Thus, we hold that the failure of the Blaine City Council to grant Czech's rezoning request was an unconstitutional taking of his property. The judgment of the lower court is vacated and the matter remanded to the district court with instructions to enter judgment consistent with this opinion.