**Edgar J. LARSON, et al., Appellants,**

v.

**COUNTY OF WASHINGTON,**
**Respondent.**

**No. C6–85–1947.**

Court of Appeals of Minnesota.

June 3, 1986.

J. Christopher Cuneo, Minneapolis, for appellants.

Robert W. Kelly, Washington County Atty., Douglas G. Swenson, Asst. County Atty., Washington Co. Courthouse, Stillwater, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Appellants Edgar and Ann Larson sued Washington County alleging denial of their requests to rezone certain property was

arbitrary and capricious and amounted to a taking without just compensation. Appellants also claimed breach of a settlement agreement. Larsons appeal from judgment for the county. We affirm.

## FACTS

Appellants purchased the property at issue in 1973. The 18+ acre parcel is located in Grant Township, Washington County in the quarter quarter section northeast of the intersection of Lake Elmo Avenue and 60th Street North.

When appellants purchased the property, it was zoned agricultural by Grant Township and residential by Washington County. Before purchasing the property, Edgar Larson talked to the Washington County Planner about proposed future uses for the property. The planner showed him the proposed Grant Township comprehensive development plan, which indicated that the area was intended for future commercial development.

Appellants paid a purchase price based on commercial value of the land. The county assessed real estate taxes at a residential rate for 1974 and 1980, and at a commercial rate for the intervening years.

In 1976, Grant Township amended its zoning ordinance to increase the minimum lot size for residential property from 2.5 acres to 5 acres and to provide a maximum density in residential areas of one dwelling unit per 10 acres.

In 1979, the county enacted a zoning ordinance that classified most of the quarter section as residential, but designated a strip of land 497 feet north of Highway 36 as GB (general business). This strip is bordered on the west by Lake Elmo Avenue, on the south by Highway 36, and on the east by a line 170 feet west of the east border of the quarter quarter section. In March 1984, the county amended the ordinance to change the zoning of the property at issue here from residential to agricultural.

In early 1981, appellants considered selling part of the property to a commercial concern. As a result, appellants sought to have that portion of the property (plus two other parcels) rezoned for commercial use. In May 1981, they applied to the Grant town board for rezoning to GB. The board unanimously approved the request. Appellants then applied to Washington County for rezoning.

When the matter was before the County Planning Advisory Commission (PAC), the chair of the Grant town board appeared and informed the PAC that the board would deny the request if again faced with it. The board also drafted a letter to the PAC to this effect.

The PAC held a public hearing on the proposal in April 1982. Members of the public and representatives of appellants made comments at the hearing. In addition, the PAC received a recommendation from the county planner. The PAC recommended rezoning of only the lower portion of the property, i.e., that portion that would be within the 497 foot strip of GB zoning already in existence if the existing zoning line were extended to the east line of the quarter quarter section.

At its June 1, 1982, meeting the Washington County Board voted to follow the PAC's recommendation. As a result, it rezoned the lower portion of one parcel but denied the remaining request. The board gave four reasons for denial: 1) rezoning of the remainder of the property would be inconsistent with the county comprehensive plan; 2) granting the request would result in a piecemeal approach to zoning and planning of the area; 3) the area was not served by public water and sewer facilities; and 4) rezoning of the property would not promote the public health, safety, or welfare because there was substantial undeveloped commercial property nearby.

After the board's decision, appellants filed this suit. They argued that the board's action was arbitrary and capricious, a violation of due process, and an unconsti-

tutional taking without compensation. A pretrial conference was held in August 1982. The trial court granted the parties request for a continuance so they could pursue a settlement agreement.

The parties agreed that appellants would develop a zoning proposal for their entire 18+ acre tract. Appellants expended over $8,000 preparing for the proposed development plan. Finally, another rezoning request, based on the proposed plan, was submitted to the county.

The county treated the application as a proposal for future zoning and referred the matter to the PAC. The county planner recommended to the PAC that the request be denied. On learning of the recommendation, appellants withdrew their application because they thought there was no chance of approval.

Settlement negotiations were then abandoned. Apparently believing that the county was bound by the settlement negotiations, appellants once more submitted an application for rezoning based on the 18+ acre proposed development. After public hearings and written comments, the PAC recommended denial.

On May 15, 1984, the county board unanimously voted to deny the request. The board gave several reasons for denial, including incompatibility with both the town and county comprehensive development plans, potential for serious groundwater pollution problems due to density of use and existence of on-site septic systems, incompatibility with the neighboring residential area, and opposition by the Grant town board. Appellants then amended their complaint to include counts related to the second request and the settlement negotiations.

The trial court found that denial of each application was based on legally sufficient reasons supported by facts of record. The court further found that there had been no unconstitutional taking because appellants had failed to prove that they were deprived of all reasonable use of their property. The court also rejected appellants' other claims, including the assertion that the county was contractually bound by the settlement negotiations.

## ISSUES

1. Are the Washington County Board's denials of appellants' rezoning requests supported by legally sufficient reasons and factual bases?

2. Did appellants meet their burden of proving that denial of the rezoning request constituted an unconstitutional taking?

3. Did the trial court err in rejecting appellants' breach of contract claim?

## ANALYSIS

1. *Scope of Review*

When a government body adopts or amends a zoning ordinance it acts within its legislative capacity. *Sun Oil Co. v. Village of New Hope,* 300 Minn. 326, 333, 220 N.W.2d 256, 261 (1974). Denial of a request for rezoning is a legislative act. *Id.* A legislative act must be upheld unless the challengers prove that the classification is not supported by any rational basis related to promoting the public health, safety, or welfare, or that it amounts to a taking without just compensation. *State, by Rochester Association of Neighborhoods v. City of Rochester,* 268 N.W.2d 885, 888 (Minn.1978).

The test is a rational basis test. *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 415 (Minn.1981). The governmental body has broad discretion, and the courts will not interfere with the decision if there is a rational basis for it, even if the decision is debatable. *Id.* This narrow scope of review reflects a policy that the governmental body is in the best position to assess what zoning classification best serves the public welfare. *City of Rochester,* 268 N.W.2d at 888.

This court's function is to make an independent review of the record and the county's decision, and to arrive at its own conclusion without deferring to the trial court's review. *Id. See also Odell v. City of Eagan*, 348 N.W.2d 792, 796 (Minn. Ct.App.1984) (citing *Northwestern College v. City of Arden Hills*, 281 N.W.2d 865 (Minn.1979)). To facilitate meaningful review, the legislative body must state its decision in writing in more than a conclusory fashion, though it need not make formal findings of fact. *Honn*, 313 N.W.2d at 416.

This court must assess the legal sufficiency of the reasons given and determine whether they have a factual basis. *C.R. Investments, Inc. v. Village of Shoreview*, 304 N.W.2d 320, 325 (Minn.1981). The challenger bears the burden of showing that the stated reasons are either without factual support in the record or are legally insufficient. *Hubbard Broadcasting, Inc. v. City of Afton*, 323 N.W.2d 757, 763 (Minn.1982) (citing *Barton Contracting Co., Inc. v. City of Afton*, 268 N.W.2d 712, 717 (Minn.1978)). It is not necessary that all the stated reasons be legally sufficient and factually supported. *Hubbard Broadcasting*, 323 N.W.2d at 765, n. 4.

### The 1982 Application

The county board stated its reasons for denial of the 1982 application in a resolution. The first reason notes that the property is north of the existing commercial zone and therefore the proposal is inconsistent with the county comprehensive plan, which indicates that the property should remain residential. Inconsistency with the comprehensive plan is a legally sufficient reason. *See Sun Oil Co. v. Village of New Hope*, 300 Minn. 326, 220 N.W.2d 256 (1974).

The maps attached to the Washington County comprehensive plan are not detailed enough to discern whether the subject property is intended for commercial use. However, the plan states that the county will recognize and consider township plans when making zoning determinations. The Grant Township plan clearly identifies the subject property as designated for agricultural use only. Thus, inconsistency with the comprehensive plan is supported by a factual basis.

The second reason states that the proposal would result in a piecemeal approach to zoning of the quarter quarter section. The board opined that good planning required looking at the quarter quarter section as a whole when considering whether commercial use should be allowed. This is a valid concern and is supported by the record. The land that appellants wanted rezoned is only part of the forty acre quarter quarter section.

The third reason, that the proposal is inconsistent with the county plan because the area is not served by public sewer or public utilities, is factually supported. The county plan states that commercial activities shall be required to locate where there are adequate public facilities to service such an intense use. The plan further states that very limited commercial uses should be allowed at a level and density which can adequately be serviced by on-site septic systems.

Although the plan permits at least some commercial development within the area, the plan states that such use should be very limited. The county already rezoned part of appellants' property to commercial use. It is within the county board's discretion to determine how much commercial use should be allowed.

The county board's final reason, that the proposed rezoning would not serve the public health, safety, or welfare, is merely a legal conclusion. However, the other reasons given are legally sufficient.

### The 1984 Application

Several of the reasons for denial of the 1984 application are the same as those given in denying the 1982 application. The

analysis with respect to those reasons also applies here. Incompatibility with the surrounding neighborhood, the existence of nearby commercially zoned areas, and the fact that the town board opposed the plan are also relevant factors for the board to consider. Likewise, concern about potential groundwater pollution due to high density use and on-site septic systems is also a valid concern and a reason for denial of the request. Finally, the board notes that the current plan has been approved by the Metropolitan Council. Consistency with regional development plans is a legally sufficient reason. *See City of Rochester*, 268 N.W.2d at 890.

### 2. *The taking argument*

Appellants argue that the trial court applied the wrong standard to determine whether denial of the rezoning application resulted in an unconstitutional taking. Appellants argue that the "substantial diminution in value" test should have been applied rather than the "no reasonable use" test.

Appellants rely on *Alexander v. City of Minneapolis*, 267 Minn. 155, 125 N.W.2d 583 (1963). *Alexander* is inapposite. That case involved denial of an application for a building permit. The city had put a hold order on the issuance of building permits and then amended the zoning ordinance to prohibit the property owner's proposed use. The court ruled that such action was improper. The court went on to note that enactment of spot zoning ordinances or amendments to comprehensive zoning ordinances that result in substantial diminution of value of the property constitute a taking. This case involves neither a spot zoning ordinance nor an amendment to a comprehensive zoning ordinance. The property involved here was never zoned commercial.

In *McShane v. City of Faribault*, 292 N.W.2d 253 (Minn.1980), the Minnesota Supreme Court noted that regulation of land use:

> does not constitute a compensable taking unless it deprives the property of all

reasonable use. Accordingly, we have repeatedly upheld zoning ordinances and other land use restrictions against allegations of unconstitutional taking, even where the value of the property declined significantly as a result of the restrictions.

*Id.* at 257 (footnote and citations omitted).

The *McShane* court acknowledged that several cases struck down zoning ordinances even though the ordinances did not deprive the property of all reasonable uses. However, the basis for these decisions was that the involved ordinances were an invalid exercise of the police power. The court then stated:

> So long as the ordinance has a legitimate comprehensive planning objective, there is no taking unless all reasonable uses of the property have been proscribed.

292 N.W.2d at 257 n. 2 (citation omitted).

The trial court in this case applied the correct standard. The governmental action here had a legitimate comprehensive planning objective. Therefore, the correct standard is whether all reasonable uses of the property have been precluded.

Appellants also argue that the trial court improperly allocated the burden of proof on the question of whether all reasonable uses of the property were prevented. Appellants argue that once they demonstrated that all of the "primary uses" were unreasonable, the burden should have shifted to the county to prove that there remained a reasonable "secondary use" (one allowed by the current zoning classification through a special use permit, certificate of compliance, or variance).

The trial court correctly placed the entire burden on appellants. To establish an unconstitutional taking, a landowner must demonstrate that governmental action denied him or her of all reasonable use of the property. *Czech v. City of Blaine*, 312 Minn. 535, 539, 253 N.W.2d 272, 274 (1977). *Accord State, by Powderly v. Erickson*, 285 N.W.2d 84 (Minn.1979) (burden of proof

is on the person challenging the governmental action to establish that the property has been deprived of all reasonable uses); *Carl Bolander & Sons, Inc. v. City of Minneapolis*, 378 N.W.2d 826 (Minn.Ct. App.1985) *pet. for rev. denied* (Minn. Feb. 14, 1986).

Appellants adequately demonstrated that the land is not suitable for any of the "primary uses" allowed under the current zoning classification. However, there remain several "secondary uses" allowed by both the county and the township that appellants did not prove would be unreasonable. Thus, the trial court correctly ruled that appellants did not meet their burden of proof on the taking issue.

3. Appellants' argument that the county breached the settlement agreement is without merit. The final determination on a zoning matter lies with the county board. The county attorney made this clear in a letter to appellants. A binding settlement agreement was never reached.

### DECISION

The county board's denial of appellants' zoning requests was supported by legally sufficient reasons and had a factual basis. Appellants failed to meet their burden that they were deprived of all reasonable use of the land. Affirmed.