Martin EVENSON, Personal Representative of the Estate of Milton A. Evenson, Appellant,

v.

CITY OF SAINT PAUL BOARD OF APPEALS, et al., Respondents.

No. C3-90-2262.

Court of Appeals of Minnesota.

March 26, 1991.

Review Denied May 10, 1991.

William L. Stockman, Duluth, for appellant.

Jane A. McPeak, City Atty., Edwin Lee, Asst. City Atty., St. Paul, for respondents.

Considered and decided by FORSBERG, P.J., and PARKER and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge

The City of St. Paul assessed a vacant building fee against Milton Evenson. Respondents denied his request to waive the fee. By writ of certiorari, the trial court affirmed respondents' decision. This appeal followed.

## FACTS

This appeal concerns the assessment of fees authorized by the City of St. Paul vacant building registration ordinance. The fee was assessed against Milton A. Evenson. Until his death on January 29, 1990, Milton Evenson owned a vacant single family house located at 703 Wells Street in St. Paul. His son, Martin Evenson, as personal representative, continues this appeal.

The house was subject to a condemnation order when Milton Evenson purchased it in 1965. The house has been vacant ever since.

Milton Evenson never rehabilitated the property. He made some repairs and, in response to complaints, he reboarded the windows. He never made definite plans for the house. He used the interior of the house to store lumber and auto parts. Old cars and tires have been kept in the yard.

In October 1988, the house was considered one of the top 30 vacant buildings for demolition. At that time, it was expected the city would order the house repaired or razed within six to twelve months.

This appeal is from the denial of Milton Evenson's second request to have the vacant building fee suspended. A similar request was granted by the Board of Appeals in 1977. At that time, the Board compared pictures taken in 1968 and 1977. The comparison showed there had been no appreciable change in the condition of the property. Milton Evenson stated he was in the process of repairing windows, he kept a dog on the premises to guard against intruders, and he would fix the property or sell it. He also stated he could finish painting the exterior and cleaning the yard before winter.

The vacant building fee was reinstated in 1987 after an amendment to chapter 43 of the St. Paul Legislative Code, which changed the definition of a vacant building to encourage action by owners of vacant buildings. At a September 9, 1987 hearing, Milton Evenson was told the fee might be waived if he presented a plan for rehabilitation. No plan was ever made. When asked why nothing had been done to the building, Milton Evenson stated he was concerned about the high crime rate and trouble with tenants. The request for waiver of the vacant building fee was denied.

On August 9, 1988, the Board of Appeals considered another request to waive the vacant building fee. This request was due to Milton Evenson's alleged financial hardship. Milton Evenson was represented by counsel at this hearing. The proceeding indicated the building had been unoccupied for 24 years, it had no plumbing, and there were no plans for rehabilitation. Milton Evenson's attorney stated the building had a new roof, the porch had been removed, and the building had been painted. A motion to deny the waiver request carried unanimously.

Milton Evenson petitioned for writ of certiorari. The trial court affirmed the Board of Appeals' denial of the fee waiver request. This appeal followed.

## ISSUES

1. Did the trial court err by concluding the vacant building ordinance is constitutional?

2. Did the trial court err by concluding Milton Evenson was properly denied relief from the vacant building ordinance?

## ANALYSIS

1. Statutes are presumed to be constitutional. *In re Tveten*, 402 N.W.2d 551, 556 (Minn.1987). In order to overcome the presumption, a party challenging a statute's constitutionality must demonstrate beyond a reasonable doubt the statute violates a constitutional provision. *Id.; Essling v. Markman*, 335 N.W.2d 237 (Minn.1983) (laws are presumed valid and the challenging party has the burden to prove invalidity).

Appellant argues that the vacant building ordinance violates Amendment V of the United States Constitution, "nor shall private property be taken for public use, without just compensation" and Minn. Const. art. I, § 13, "Private property shall not be taken, destroyed or damaged for public use without just compensation therefor, first paid or secured." An unconstitutional taking is a governmental action or inaction that deprives a landowner of all reasonable uses of its land. *Czech v. City of Blaine*, 312 Minn. 535, 539, 253 N.W.2d 272, 274 (1977).

Appellant argues Milton Evenson was denied all reasonable uses of the property under the provisions of the ordinance because he could not continue to use the property as an extension of his homestead and for personal use.

Appellant's argument is flawed. No *reasonable* use was denied Milton Evenson. The city merely refused to allow Milton Evenson to continue an *un*reasonable use by denying appellant's request for an indefinite waiver of the vacant building fee.

The fee is not unreasonable or confiscatory. The vacant building fee is imposed to prompt owners into repairing property. The fee can be waived under certain conditions. Among those conditions is a requirement the owner submit a plan for returning the building to appropriate occupancy. Despite numerous requests, in 24 years, Milton Evenson did not submit such a plan.

2. When a trial court acted as an appellate tribunal with respect to an agency decision, the court of appeals will independently review the agency's record. *Matter of Hutchinson*, 440 N.W.2d 171, 175 (Minn.App.1989), *pet. for rev. denied* (Minn. Aug. 9, 1989). The court of appeals conducts a de novo review of legal issues; it is not bound by legal conclusions of the trial court. *Id.*

The trial court did not specifically address appellant's argument that Milton Evenson was improperly denied relief from the vacant building ordinance. The trial court, however, implicitly rejected the argument. The trial court concluded respondents acted in conformity with the law of the city and that there was substantial evidence to furnish a reasonable basis for the Board's decision.

Appellant cites St. Paul, Minn., Legislative Code § 18.02(b) (1987) in support of his argument that Milton Evenson was entitled to relief from the provisions of the vacant building ordinance. St. Paul, Minn., Legislative Code § 18.02(a) (1987) provides that any person affected by an order, notice of which has been issued in connection with the housing, building, or fire codes, is entitled to a hearing before the board of appeals and shall be given an opportunity to show why the notice should be modified or withdrawn.

St. Paul Leg.Code § 18.02(b) provides:

(b) *Powers of board; council approval.* The board of appeals *may*, with the approval of the council, modify or revoke the order, and may grant an extension of time for the performance of any act required where the board finds that there is *practical difficulty or undue hardship* connected with the performance of any act required by the provisions of the housing, building or fire prevention codes, or any applicable rules or regulations issued pursuant thereto, and that such extension is in harmony with the general purpose of this chapter to secure the public health, safety and welfare.

(Emphasis added).

Appellant argues Milton Evenson was entitled to relief from the vacant building ordinance because his health, age, and financial status made compliance with the

ordinance impractical and an undue hardship.

The provision giving the Board of Appeals authority to modify an order is permissive, not mandatory. Permission to modify is conferred only when an extension is in harmony with the goal of securing the public health, safety, and welfare.

There are two reasons why we affirm the Board of Appeals' decision to deny relief: (a) there was no showing performance would have been impractical or an undue hardship and (b) a further extension of time to rehabilitate the house would not be in harmony with the goal of securing the public health, safety and welfare.

The record contains no suggestion the house at 703 Wells is unusually difficult to repair so as to create a practical difficulty to restoration. Appellant's complaint, therefore, must rely on the theory that imposition of the vacant building fee was an undue hardship on Milton Evenson.

Appellant claims rehabilitation would have placed a financial hardship on Milton Evenson. The record does not contain any evidence of Milton Evenson's financial status. However, even assuming rehabilitation would have been financially impossible for Milton Evenson, that alone does not show undue hardship. The house at 703 Wells was not Milton Evenson's personal residence. There was no showing a hardship would have been created had Milton Evenson elected to solve the problem by selling the house. Nor has there been a showing Milton Evenson could not pay the vacant building fee.

Further concessions to Milton Evenson would not have been in harmony with the goal of securing the public health, safety, and welfare. The house had been vacant and unfit for human habitation since 1964. Milton Evenson never submitted the required rehabilitation plan or a timetable for completion of the required repairs. An indefinite waiver of the vacant building fee would not have been in harmony with the city ordinance.

## DECISION

A city's assessment of a vacant building fee against a property owner is not an unconstitutional taking. Therefore, the trial court correctly affirmed the Board of Appeal's denial of Milton Evenson's fee waiver request.

In this case, any waiver of the fee, whether indefinite or temporary, would have been not only unreasonable but also irresponsible.

Affirmed.