W. Thomas **WHEELER,**
et al., **Appellants,**

v.

**CITY OF WAYZATA, Respondent.**

No. C2–93–775.

Court of Appeals of Minnesota.

Jan. 18, 1994.

Review Granted March 31, 1994.

W. Thomas Wheeler, Minneapolis, for appellants.

Robert L. Meller, Jr., Keith J. Nelsen, Best & Flanagan, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Landowners appeal a summary judgment that city's residential-only zoning regulations do not constitute a taking of their property. We reverse and remand.

## FACTS

Appellants claim ownership [1] of the 1000–foot peninsula that separates Gray's Bay and

---

1. The district court earlier granted summary judgment to respondent in a separate action to

Wayzata Bay on Lake Minnetonka, and along which runs Hwy. 101. The width of the peninsula is from 30 to 100 feet and varies with the level of the lake.

Respondent City of Wayzata has zoned the property "R–1A" (low-density single-family residential use). Notwithstanding this residential zoning, appellants wish to develop a commercial marina by constructing multiple docks out from the peninsula. They, therefore, instituted inverse condemnation proceedings, alleging that the R–1A classification is unreasonable and constitutes a taking in violation of the Fifth Amendment. The district court granted summary judgment, rejecting appellants' taking claim, concluding that appellants' dock for a single boat, currently tolerated by respondent, is a reasonable use. Appellants challenge the court's decision.

### ISSUES

I. Did the 1887 conveyance of a highway easement create a contract right to use the peninsula for a marina?

II. Did the district court err in granting summary judgment on the ground that the zoning scheme does not effect an unconstitutional taking?

III. Is appellants' taking claim premature?

IV. Is appellants' hardship self-imposed?

### ANALYSIS

When reviewing a summary judgment, an appellate court must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Offerdahl v. University of Minnesota Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

### I. Contract Rights

In 1887, the owners of the peninsula conveyed an easement to the State of Minnesota for "a perpetual right of way" along the

peninsula for the sole purpose of a public road,

> reserving, however to grantors, their heirs executors administrators and assigns all grantors' present rights powers and privileges as riparian owners with full power right and authority to project docks into said Bays.

Appellants argue that by operation of this language the state granted the original owners the right to project docks in exchange for the right of way, thereby creating contract rights constitutionally protected under the Contract Clause. But the "reservation" of riparian rights only defines the easement negatively by stating what the grantor is reserving, not conveying. The conveyance document was not a contract transferring those rights to the landowners; rather, it defined what they retained. Thus, the conveyance description created for them no contract rights for the Contract Clause to protect.

### II. Taking Claim

The district court concluded that as a matter of law the R–1A zoning classification could not constitute a taking because their single-boat dock—tolerated by the city—constituted a reasonable use. On established facts, whether a taking has occurred is a question of law, which this court reviews de novo. *Thompson v. City of Red Wing,* 455 N.W.2d 512, 516 (Minn.App.1990), *pet. for rev. denied* (Minn. June 26, 1990) (citing *Alevizos v. Metropolitan Airports Commission,* 298 Minn. 471, 484, 216 N.W.2d 651, 660–61 (1974)).

Generally, an otherwise valid zoning scheme constitutes a taking if it denies a landowner "all economically viable or beneficial use of the property." *Lucas v. South Carolina Coastal Council,* —— U.S. ——, ——, 112 S.Ct. 2886, 2895, 120 L.Ed.2d 798 (1992). Prior cases often articulated the standard as "all reasonable use." *E.g.,*

determine title to the property, ruling that res judicata prohibited that action. This court reversed, but ruled that on remand appellants would be collaterally estopped from asserting that the zoning ordinances do not apply to the

property because they had alleged in the present action that the ordinances constitute a taking. *Emerson Property Co. v. City of Wayzata,* No. C7–93–299 (Minn.App. Aug. 17, 1993) (order op.).

*McShane v. City of Faribault,* 292 N.W.2d 253, 257 (Minn.1980).

Appellants urge that *Lucas* modified the test for an unconstitutional taking. But the different phrasings do not represent substantively different standards. *See Parranto Brothers, Inc. v. City of New Brighton,* 425 N.W.2d 585, 592 (Minn.App.1988) (trial court finding that property was economically viable indicates owner had not been denied all reasonable use), *pet. for rev. denied* (Minn. July 28, 1988).

Next, appellants argue that the unique circumstances of a given tract may turn a particular zoning classification into a taking. *Czech v. City of Blaine,* 312 Minn. 535, 253 N.W.2d 272, 275 (1977) (denial of owner's petition for rezoning constituted a taking where the physical characteristics of the property made it unsuitable for any use other than the owner's proposed use).

Here, the physical characteristics of the property preclude most uses, including the construction of a residence. But the R–1A classification essentially limits appellants to residential use. Whereas other landowners in the R–1A zone are reasonably limited to residential uses, appellants are allowed no use. Here the zoning bars all uses but one, and nature bars that.

Thus, the ordinance does not permit appellants a reasonable use of their property. Further, the city's current tolerance of appellants' single dock does not satisfy the reasonable use standard. The city admits that use of the dock violates the zoning regulations at issue and previously even brought criminal charges against appellants for storing a boat on the property for over 72 hours.

We do not express any opinion, however, on appellants' right to build a multiple-dock marina. The United States Supreme Court recently clarified that the Taking Clause does not require compensation for restrictions imposed by the existing principles of property and nuisance law. *Lucas,* —— U.S. at ——, 112 S.Ct. at 2900. Thus, for example, no compensation is due an owner prohibited from filling the lake bed if as a consequence a neighbor's property would flood. *Id.*

 Thus, even if the R–1A zoning classification constituted a taking, appellants' proposed development of a marina may implicate nuisance, riparian, or other inherent property law restrictions.[2] These questions are not before this court, however, and until appellants submit a detailed development plan, it cannot be determined whether appellants' proposed use would be compatible with existing property law.

## III. Ripeness

 An unresolved issue of ripeness precludes any ruling at this time that the classification does constitute a taking.

An inverse condemnation claim

is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.

*Williamson Co. Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186, 105 S.Ct. 3108, 3116, 87 L.Ed.2d 126 (1985). Accordingly, if a landowner alleges that a zoning ordinance effects a taking, the owner must first apply for and be denied a variance. *Id.* at 187–91, 105 S.Ct. at 3116–19; *Thompson v. City of Red Wing,* 455 N.W.2d 512, 515–16 (Minn.App.1990), *pet. for rev. denied* (Minn. June 26, 1990). Thus, to establish that a zoning regulation constitutes a taking, the landowner bears the burden of showing not only that all primary uses are unreasonable, but also that no reasonable secondary use (one permitted by special use permit or variance) is available. *Larson v. County of Washington,* 387 N.W.2d 902, 907–08 (Minn.App.1986), *pet. for rev. denied* (Minn. Aug. 20, 1986).

In the present case, appellants acknowledged in a 1990 detachment proceeding that

---

**2.** A riparian owner has the right to project docks to the point of navigability. *State by Head v. Slotness,* 289 Minn. 485, 487, 185 N.W.2d 530, 532 (Minn.1971). But riparian rights are subordinate to the public's rights in navigable waters.

*State v. Kuluvar,* 266 Minn. 408, 416, 123 N.W.2d 699, 706 (Minn.1963). Thus, riparian rights are subject to state regulation in the public interest. *Bartell v. State,* 284 N.W.2d 834, 838 (Minn.1979).

they had not applied for a conditional use permit and that they did not complete the reclassification application process. Nor does the record disclose that appellants have been denied a variance. Therefore, appellants have not established that they obtained the requisite final decision.

■ Appellants argue that a final decision is not required here because pursuing a variance or rezoning would be futile. *Amcon Corp. v. City of Eagan*, 348 N.W.2d 66, 71 (Minn.1984). According to appellants, the city (through its city manager) made it clear that no permit or variance would be approved when, in 1985, they were told the city "does not want any development of the property." But that statement does not necessarily indicate that applying for a variance would still be futile. *See Hay v. City of Andover*, 436 N.W.2d 800, 805 (Minn.App. 1989) (taking claim not ripe where owner last sought special use permit five years prior to suit). Appellants have failed to present sufficient evidence that pursuing a variance would be futile today.

Because appellants have not received a final decision on the application of the ordinances to the property, their taking claim is not ripe.

### IV. Self–Imposed Hardship

■ The self-imposed hardship rule provides that if a landowner acquires property the use of which is already restricted the landowner generally cannot claim that the restrictions constitute a taking. *In re Johnson*, 404 N.W.2d 298, 301 (Minn.App.1987); *Hedlund v. City of Maplewood*, 366 N.W.2d 624, 628 (Minn.App.1985). In ruling that the zoning classification is not a taking, the district court did not explicitly address the rule. The city raised this issue, however, in the materials submitted to the district court. Thus, this court may address it. *See Thompson*, 455 N.W.2d at 515 (trial court implicitly addressed state's ripeness argument by ruling on merits).

The city argues that appellants cannot claim that the restrictions effect a taking because the appellants acquired the property after it had been zoned R–1A. As long as the parents of the appellants acquired the property before the city zoned it R–1A or the equivalent, the self-imposed hardship rule does not preclude an inverse condemnation action. The Wheelers' acquisition of the property from their parents is not an arm's-length transaction. In the context of this intra-family transfer, the payment of nominal consideration does not mean the property's value should, through application of the self-imposed hardship rule, be treated as already reduced by the zoning restrictions.

Nor does the Wheelers' subsequent transfer of the property to Emerson Property Co. defeat a taking claim. Application of the self-imposed hardship doctrine to a conveyance by the individual transferors to a corporation they created for themselves would unduly restrict the ability to develop property.

### DECISION

Appellants have no contract claim. The district court erred in ruling as a matter of law that respondent's toleration of appellants' dock did not deprive appellants of all reasonable use of the property. Appellants' taking claim is not ripe, however, until respondent issues a final decision regarding the application of the regulations to appellants' property. If appellants' parents acquired the property before it was zoned residential, there is no self-imposed hardship.

**Reversed and remanded.**