In the Matter of the Application of Grant MERRITT, Case No. 94-3, Merritt, Furber & Timmer, for a Zone Change from FAR-1, 2100 Metropolitan Centre, (Forest/Agriculture Recreation) 333 South Seventh Street to FAR-3 (Forest/Agriculture, Minneapolis, MN 55402 Residential) for the area covering the North and East Shores of Lost Lake.

No. C9-95-292.

Court of Appeals of Minnesota.

Sept. 19, 1995.

Grant Merritt, pro se.

Frank A. Dvorak, Foley & Mansfield, Minneapolis, William J. Hennessy, Cook County Attorney, Grand Marais, for Cook County Board of Commissioners.

Considered and decided by NORTON, P.J., TOUSSAINT, C.J., and FOLEY, J.*

## OPINION

NORTON, Judge.

█ On a writ of certiorari, relator contends the county board's decision to deny his rezoning request was arbitrary and capricious, unsupported by the record, and an abuse of discretion. A declaratory judgment action, not a writ of certiorari, is the appropriate method of review from a rezoning decision. We dismiss for lack of subject matter jurisdiction.

## FACTS

In June 1993, relator Grant Merritt purchased a 1067-acre tract of land for $195,000. The tract includes the 67-acre Lost Lake. The Minnesota Department of Natural Resources has classified this area as "natural environment." That classification imposes a restrictive covenant that was included in Merritt's limited warranty deed for the property:

> No structure except twelve (12) single family dwellings with customary outbuildings, including docks, shall be constructed, operated or maintained within 300 feet of the high water line of Lost Lake.

The Lost Lake area is zoned as a "Forest/Agriculture Recreation District" (FAR-1), which is dedicated to recreational activity

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

in less developed areas. FAR–1 districts permit single family homes and vacation rental homes; all lots must be at least 20 acres in size with a minimum lot width of 600 feet. When Merritt purchased this land, he knew it was classified FAR–1 and had the restrictive covenant.

Merritt petitioned the Cook County Board of Commissioners to rezone his land from FAR–1 to Forest/Agriculture Residential District (FAR–3) in order to allow smaller, more affordable five-acre lots with minimum lot width of 200 feet.

Merritt's request provoked a strong negative reaction from the community, evident in a residents' petition, letters to the board, and speakers at the four public hearings on the issue. The county board denied Merritt's petition initially and upon reconsideration, because no "clear public need" existed for the rezoning and, further, because Merritt had failed to show that the rezoning would best serve the public interest. Merritt petitioned for a writ of certiorari to this court directly from the county board's decision. This court questioned jurisdiction and elicited supplemental memoranda from the parties on the issue.

### ISSUE

Is a writ of certiorari the appropriate procedure for obtaining judicial review of a rezoning decision?

### ANALYSIS

■ A court issues a writ of certiorari "to review the proceedings of a tribunal exercising judicial or quasi-judicial functions." *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 414 (Minn.1981). Quasi-judicial decisions include variances and special use permits. *Id.* at 416. In contrast, Minnesota courts consistently have held that a governing board's decision to zone or rezone an area of land is a legislative determination. *Id.* at 414; *State, by Rochester Ass'n of Neighborhoods v. City of Rochester,* 268 N.W.2d 885, 888–89 (Minn.1978); *Czech v. City of Blaine,* 312 Minn. 535, 539, 253 N.W.2d 272, 274 (1977).

■ "[C]ertiorari is not appropriate to review legislative acts." *Honn,* 313 N.W.2d at 414. Instead, a party must obtain review of a rezoning decision by a declaratory judgment action. *Id.* at 416; *see State, by Rochester Ass'n of Neighborhoods,* 268 N.W.2d at 887 (neighborhood association brought declaratory judgment action to challenge rezoning); *R.A. Putnam & Assocs. v. City of Mendota Heights,* 510 N.W.2d 264, 267 (Minn.App.1994) (commercial developers brought declaratory judgment action to compel city council to rezone an area for development), *review denied* (Minn. Mar. 15, 1994). Thus, the nature of the petition and the governing body's decision dictates the nature of review.

Review in the present case must be by a declaratory judgment action in district court because Merritt's request for rezoning called for the county board's legislative action. Merritt did not need or request a variance or a special use permit. He sought to have the county board rezone Lost Lake from FAR–1 to FAR–3 so that he could develop the area in a way that is prohibited under the present zoning classification. Such a decision required the county board to exercise "legislative judgment" such as the initial drafters exercised when they established ordinances to preserve the natural environment and serve the public interest. *See State, by Rochester Ass'n of Neighborhoods,* 268 N.W.2d at 889 (in passing zoning ordinance, city council must make legislative judgment that zoning classification will promote public health and welfare). Thus, Merritt's only avenue for review is through a declaratory judgment action in district court; certiorari to this court is not appropriate. *Honn,* 313 N.W.2d at 414.

Relator contends, however, that this case should follow *Neitzel v. County of Redwood,* 521 N.W.2d 73, 76 (Minn.App.1994), *review denied* (Minn. Oct. 27, 1994). There, this court held that judicial review of a county board's quasi-judicial decision on a conditional use permit must be by writ of certiorari to the court of appeals because the statute governing review of city council decisions does not apply to county board decisions. *Id.* at 74–75 (citing Minn.Stat. § 462.361, subd. 1

(1990), which allows review in district court to anyone aggrieved by a decision of a city council or board of adjustment). ·The *Neitzel* court based its decision on the well-settled rule that when neither the statutes nor the appellate rules provide a right to discretionary review from a quasi-judicial decision, a writ of certiorari is the only method of review available to the aggrieved party. *In re Haymes,* 444 N.W.2d 257, 259 (Minn.1989); *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App.1994), *review denied* (Minn. Sept. 16, 1994), *quoted in Neitzel,* 521 N.W.2d at 76. Relator reads *Neitzel* to require a writ of certiorari on appeal from *all* county board decisions, regardless of their nature.

Relator has reached too far; his interpretation would disregard and contradict the well-grounded rule that provides different methods and standards of review for quasi-judicial and legislative decisions of a governing body. *Neitzel* involved, and applies to, only quasi-judicial decisions of county boards. That basic fact distinguishes *Neitzel* from this case involving the county board's legislative rezoning decision.

### DECISION

Certiorari is not the appropriate method of review of the county board's legislative rezoning decision. Merritt may obtain review of that decision only by a declaratory judgment action in district court. This court lacks subject matter jurisdiction to consider the appeal.

**Appeal dismissed.**