David **SCHNEIDER**, Relator,

v.

**J.D. ROGERS GROUP, INC.,
Commissioner of Jobs and
Training, Respondents.**

No. C6–88–960.

Court of Appeals of Minnesota.

July 19, 1988.

David Schneider, St. Paul, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald Notvik, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered at Special Term and decided by FOLEY, P.J., and HUSPENI and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

FOLEY, Judge.

### FACTS

By decision mailed April 7, 1988, the Commissioner's representative found that David Schneider did not have good cause to terminate his employment, and is therefore disqualified from receiving benefits.

Schneider mailed a petition for writ of certiorari to the Clerk of the Appellate Courts on May 5, 1988, and a writ was issued the following day. Schneider filed an affidavit of service with this court on May 24, 1988, indicating the petition and statement of the case had been served on his former employer and the Commissioner on May 20, 1988. Schneider failed to file any brief on the merits of the appeal. The Commissioner moved to discharge the writ of certiorari, and Schneider failed to respond to the motion.

### DECISION

Any decision of the commissioner may be reviewed on certiorari by the court of appeals provided a petition for the writ is filed and served upon the adverse party or parties within 30 days after the date of mailing notice of any decision to the party at the last known address.

Minn.Stat. § 268.10, subd. 8 (1986). Three days are added to the statutory period to allow for mailing of the Commissioner's decision. *Kenzie v. Dalco Corp.*, 309 Minn. 495, 245 N.W.2d 207 (1976). The issued

*writ* need not be served within the same period, but the statute requires that the *petition* be timely served. *Gonsior v. Alternative Staffing, Inc.*, 383 N.W.2d 654 (Minn.1986).

The 33rd day after April 7, 1988, when the Commissioner's decision in this case was mailed to Schneider, was May 10, 1988. Schneider failed to serve the petition for certiorari upon the adverse parties until May 20, 1988, after the time had expired. This court may not extend the time to obtain review. Minn.R.Civ.App.P. 126.02.

We also note that Schneider failed to serve and file a brief on the merits within 30 days after issuance of the writ of certiorari, as is required in civil cases when no additional transcript is prepared for appeal. Minn.R.Civ.App.P. 131.01. Schneider also failed to comply with this court's direct order that a brief be filed by June 27, 1988.

Writ of certiorari discharged.