**TOWNSHIP OF HONNER,**
**petitioner, Appellant,**

**v.**

**REDWOOD COUNTY, et**
**al., Respondents,**

**and**

**Larry Okins, et al., intervenors,**
**Respondents.**

No. C8–94–659.

Court of Appeals of Minnesota.

June 28, 1994.

Review Denied Sept. 16, 1994.

Thomas J. Simmons, Simmons, Hunt, Norman and Simmons, Olivia, for appellant.

Robert D. Tiffany, Redwood County Atty., Redwood Falls, for Redwood County, et al.

J. Brian O'Leary, O'Leary & Moritz, Springfield, for Larry Okins, et al.

Considered and decided by ANDERSON, C.J., and PARKER and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

### FACTS

Respondents Larry Okins, et al. petitioned respondent Board of Commissioners of Redwood County (the county board) to change the boundaries of appellant Honner Township (the township) pursuant to Minn.Stat. § 379.02 (1992). After a public hearing, the county board granted the petition in a written decision dated May 4, 1993. On June 30, 1993, the township petitioned the district court for a writ of certiorari to review the county board's action. In an order filed February 28, 1994, the district court affirmed the county board's decision.

The township filed this direct appeal from the February 28 order. This court questioned whether the district court had jurisdiction to review the county board's action by writ of certiorari and, if not, whether the appeal should be dismissed because the township failed to obtain a timely writ from this court. The parties submitted jurisdiction memoranda.

Although respondents did not object to review by the district court, they now argue that the district court lacked certiorari jurisdiction. The township contends that the district court and this court have concurrent certiorari jurisdiction in this case. Alternatively, the township requests that this court accept jurisdiction in the interests of justice.

### DECISION

#### 1. Certiorari Jurisdiction

The court of appeals has been "generally substituted * * * for the district court in those areas in which the latter court acted in an appellate capacity." Strand v. Special Sch. Dist. No. 1, 392 N.W.2d 881, 883 (Minn. 1986). The legislature has specified that the court of appeals "shall have jurisdiction to issue writs of certiorari to all agencies, public corporations and public officials." Minn.Stat. § 480A.06, subd. 3 (1992).

The district courts retain the power to issue writs of certiorari "necessary to the complete exercise of the jurisdiction vested in them by law." Minn.Stat. § 484.03 (1992). Therefore, certiorari review in the district court remains available when the governing statute vests judicial review of an agency action in the district court. See White Bear Rod & Gun Club v. City of Hugo, 388 N.W.2d 739, 742 (Minn.1986) (statute providing for district court review of land use planning decisions makes clear that the district court has at least concurrent certiorari jurisdiction).

In this case, Minn.Stat. ch. 379 does not specify a method for judicial review of a county board's decision to alter township boundaries. Because the county board must exercise discretion in determining whether it is "necessary or expedient" to change the boundaries, see Minn.Stat. § 379.02, the statute requires the county board to perform a quasi-judicial function. See Western Area Business & Civic Club v. Duluth Sch. Bd. Ind. Dist. No. 709, 324 N.W.2d 361, 365 (Minn.1982) (school board's decision to close a school is a quasi-judicial act because the governing statute implicitly requires a determination by the board of the necessity and

practicability of the closing following notice and hearing).

Where no right of judicial review has been provided by statute or appellate rules for the quasi-judicial decision of an agency, "an aggrieved party has the common law right to petition for a writ of certiorari pursuant to Minn.R.Civ.App.P. 120 and Minn.Stat. § 606.01." *In re Haymes,* 444 N.W.2d 257, 259 (Minn.1989). The writ must be issued within 60 days after the party applying for the writ received due notice of the proceeding sought to be reviewed. Minn.Stat. § 606.01 (1992).

Because chapter 379 does not authorize review of the county board's decision in district court, a timely writ of certiorari issued by this court pursuant to Rule 120 was the only method of review. *See Nichols v. Borst,* 439 N.W.2d 432, 434 (Minn.App.1989) (certiorari review of fire department relief association's quasi-judicial decision was vested exclusively in the court of appeals). But because the township failed to obtain a writ of certiorari from this court within 60 days after notice of the county board's decision, this court lacks jurisdiction to review this matter. *See Roseville Educ. Ass'n v. Independent Sch. Dist. No. 623,* 391 N.W.2d 846, 849 (Minn.1986) (issuance of the writ within 60 days is a jurisdictional prerequisite to judicial review).

Our holding that this court is accorded certiorari jurisdiction unless the governing statute expressly vests judicial review in the district court advances one of the policy reasons for certiorari review of agency decisions. Certiorari review under section 606.01 "ensures expedient review of a fresh record" because the writ must issue within 60 days of notice of the adverse determination and affords direct review by the court of appeals. *Dietz v. Dodge County,* 487 N.W.2d 237, 240 (Minn.1992).

Certiorari review is based solely on the record before the agency. *Amdahl v. County of Fillmore,* 258 N.W.2d 869, 874 (Minn. 1977). Therefore, when the district court exercises certiorari jurisdiction, this court's review is delayed without the compensating factor of a more developed record. As a practical matter, limiting certiorari jurisdiction in most instances to the court of appeals will promote judicial economy and ensure expeditious review of agency decisions.

### 2. *Extension of Appeal Time*

The township requests that this court accept jurisdiction over the appeal in the interests of justice. The township contends that acceptance of the appeal from the county board's decision is warranted in view of the confusion surrounding the district court's certiorari jurisdiction and the importance of the issues presented by the appeal.

The supreme court has indicated that it may accept jurisdiction over an untimely appeal if the interests of justice so warrant. *See State v. M.A.P.,* 281 N.W.2d 334, 336–37 (Minn.1979). But the supreme court has not extended such authority to this court. On the contrary, the civil appellate rules specifically prohibit extension of the time to file a notice of appeal or to obtain review of an agency action. *See Minn.R.Civ. App.P.* 126.02.

This court has held in a variety of contexts that we lack jurisdiction to consider an untimely appeal. *See, e.g., In re D.B.,* 463 N.W.2d 301 (Minn.App.1990) (juvenile court order); *Schneider v. J.D. Rogers Group,* 425 N.W.2d 863 (Minn.App.1988) (certiorari appeal); *Petersen v. Petersen,* 352 N.W.2d 797 (Minn.App.1984) (marital dissolution judgment). Consistent with these holdings and Minn.R.Civ.App.P. 126.02, we conclude that this court lacks authority to accept the untimely certiorari appeal from the county board's decision in the interests of justice.

**Appeal dismissed.**