Charles **NEITZEL**, et al., **Appellants,**

v.

The **COUNTY OF REDWOOD,**
et al., **Respondents,**

**and**

Gary **Guggisberg, Intervenor.**

No. C4–94–44.

Court of Appeals of Minnesota.

Sept. 6, 1994.

Review Denied Oct. 27, 1994.

Gary W. Koch, Gislason, Dosland, Hunter & Malecki, New Ulm, for appellants.

Robert D. Tiffany, Redwood County Atty., Melissa R. Raak, Asst. County Atty., Redwood Falls, for respondents.

Lynn A. Hayes, Farmers' Legal Action Group, St. Paul, for intervenor.

Jay T. Squires, Ratwik, Roszak, Bergstrom & Maloney, Minneapolis; for amicus curiae Ass'n of Minnesota Counties.

Considered and decided by PETERSON, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PETERSON, Judge.

The Redwood County Board of Commissioners denied appellants' application for a conditional use permit. Appellants sought review of the board's decision in the district court. The district court affirmed the board's decision. This appeal is from the judgment of the district court.

## FACTS

Appellants Charles Neitzel, Gregory Green, and Robert Melhouse applied for a conditional use permit to construct and operate an animal feedlot in Redwood County. The Redwood County Planning and Zoning Commission recommended approval of the permit subject to twelve conditions. After meeting with the planning commission to discuss its recommendations, the Redwood

County Board of Commissioners approved the conditions recommended by the planning and zoning commission.

The county board held a public hearing on appellants' application. At the hearing, concerns were raised about potential odor and structural problems of the proposed feedlot operation. The county board denied appellants' application for a conditional use permit.

Appellants brought an action in the district court seeking an order and judgment vacating the decision of the county board and directing the board to issue appellants a conditional use permit and a building permit in accordance with the recommendations of the planning and zoning commission. The district court affirmed the board's decision denying appellants' application for a conditional use permit.

## ISSUE

Was bringing an action in the district court a proper method for appellants to obtain judicial review of the county board's decision?

## ANALYSIS

A quasi-judicial act is an act of a public officer, commission, or board that is

presumably the product or result of investigation, consideration and deliberate human judgment based upon evidentiary facts of some sort commanding the exercise of their discretionary power. It is the performance of an administrative act which depends upon and requires the existence or non-existence of certain facts which must be ascertained and the investigation and determination of such facts cause the administrative act to be termed quasi judicial.

*Oakman v. City of Eveleth,* 163 Minn. 100, 108–09, 203 N.W. 514, 517 (1925).

■■■ A county board's decision to grant or deny a conditional use permit is a quasi-judicial decision because it requires a county board to determine facts about the nature and effects of the proposed use and then exercise its discretion in determining whether to allow the use. *See Chanhassen Estates Residents Ass'n v. City of Chanhassen,* 342

N.W.2d 335, 340 (Minn.1984) (distinguishing between conditional use and permitted use).

Where no right of judicial review has been provided by statute or appellate rules for the quasi-judicial decisions of an administrative agency * * *, an aggrieved party has the common law right to petition for a writ of certiorari pursuant to Minn. R.Civ.App.P. 120 and Minn.Stat. § 606.01. *In re Haymes,* 444 N.W.2d 257, 259 (Minn. 1989), *quoted in Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn. App.1994), *pet. for rev. filed* (Minn.1994). When there is no statutory authority for judicial review of a quasi-judicial administrative agency decision, judicial review is limited to review by certiorari. *Plunkett v. First National Bank of Austin,* 262 Minn. 231, 245–46, 115 N.W.2d 235, 245 (1962); *see also Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992) (absent method of review or legal remedy, judicial review of "quasi-judicial decisions of administrative bodies, if available, must be invoked by writ of certiorari").

■■■ Appellants argue that Minn.Stat. § 462.361, subd. 1 (1990) authorizes review of the county board's decision by an action in the district court. We disagree. Minn.Stat. § 462.361, subd. 1, provides:

Any person aggrieved by an ordinance, rule, regulation, *decision* or order *of a governing body* or board of adjustments and appeals *acting pursuant to sections 462.351 to 462.364* may have such ordinance, rule, regulation, decision or order, reviewed by an appropriate remedy in the district court, subject to the provisions of this section.

(Emphasis added.)

For the purposes of section 462.361, "governing body" means a city council or a town board. Minn.Stat. § 462.352, subd. 11 (1990). Minn.Stat. § 462.361, subd. 1 does not apply to county board decisions. Furthermore, the county board was not acting pursuant to sections 462.351 to 462.364 when it denied appellants' permit application; it was acting pursuant to Minn.Stat. § 394.301 (1990).

Appellants contend that the denial of a conditional use permit is a zoning matter. Therefore, they argue that review in the

district court is permitted under *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 416 (Minn.1981), where the supreme court said:

> This [declaratory judgment] procedure should be followed in presenting any zoning matter, whether legislative or quasi-judicial, for review to the district court and for subsequent review to this court.

We disagree.

In *Honn*, the supreme court construed Minn.Stat. § 462.361, subd. 1 as applied to a city council decision. *Id.* at 413. The court's reference to "any zoning matter" means only that the procedure for judicial review of city council and town board zoning decisions in the district court applies to both legislative and quasi-judicial zoning decisions of those bodies. *See id.* at 416 (setting forth procedure applicable when review of city council or town board zoning decision is sought under Minn.Stat. § 462.361, subd. 1). It does not mean that the district court review of city council and town board decisions expressly authorized by Minn.Stat. § 462.361, subd. 1 is also available for county board decisions about zoning matters made pursuant to Minn.Stat. § 394.301.

Because no right of judicial review of the county board's decision has been provided by statute or appellate rules, a writ of certiorari issued by this court was the only available method to obtain judicial review of the county board's decision.[1] *See Township of Honner*, 518 N.W.2d at 641 (as Minn.Stat. ch. 379 did not authorize district court review of county board's decision, writ of certiorari issued by appellate court was only method of review). Accordingly, the district court judgment affirming the county board's decision is vacated. *See Dokmo v. Independent Sch.*

*Dist. No. 11, Anoka–Hennepin*, 459 N.W.2d 671, 677–78 (Minn.1990) (when writ of certiorari was only way to obtain review, district court lacked subject matter jurisdiction to decide declaratory judgment action); *Norris Grain Co. v. Seafarers' Int'l Union*, 232 Minn. 91, 97, 46 N.W.2d 94, 99 (1950) (order entered by court without subject matter jurisdiction is void).

Because appellants failed to obtain a writ of certiorari within 60 days after notice of the county board's decision to deny their application for a conditional use permit, this court lacks jurisdiction to review the board's decision by writ of certiorari. *See Roseville Educ. Ass'n v. Independent Sch. Dist. No. 623*, 391 N.W.2d 846, 849 (Minn.1986) (issuance of writ within 60 days is jurisdictional requirement for judicial review); *Township of Honner*, 518 N.W.2d at 641 (same).

## DECISION

Because no right of judicial review of the county board's quasi-judicial decision has been provided by statute or appellate rules, a writ of certiorari issued by this court was the only available method to obtain judicial review of the board's decision. The district court lacked jurisdiction to decide the declaratory judgment action, so its judgment is vacated.

**Judgment vacated.**

---

1. Although judicial review of county board decisions on conditional use permits has been obtained by bringing an action in the district court, the issue of the proper method to obtain review was not raised in those cases. *See, e.g., Earth-* burners, Inc. v. County of Carlton, 513 N.W.2d 460 (Minn.1994).