Dale PIERCE, Appellant,

v.

OTTER TAIL COUNTY, Respondent.

No. C0–94–1319.

Court of Appeals of Minnesota.

Dec. 6, 1994.

Review Denied Feb. 3, 1995.

Dennis W. Hagstrom, Rolf H. Nycklemoe, Fergus Falls, for appellant.

Scott T. Anderson, Ratwik, Roszak, Bergstrom & Maloney, P.A., Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and DAVIES and MULALLY,* JJ.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

DAVIES, Judge.

Dale Pierce appeals from a declaratory judgment affirming the county's denial of a solid waste permit. The county moves to dismiss the appeal, arguing that the denial of the permit could only be reviewed by obtaining a writ of certiorari from this court within 60 days of the county's decision. We agree and dismiss the appeal.

## FACTS

In July 1991, appellant Dale Pierce applied to respondent Otter Tail County for a permit to construct and operate a landfill. The county board denied his application in March 1992.

Pierce then brought suit in district court seeking a declaratory judgment that the county action was invalid. The district court affirmed the county's denial of a permit. Pierce appeals.

## ISSUE

Does this court have jurisdiction to hear this appeal?

## ANALYSIS

■ Where the legislature has not provided by statute for judicial review of "quasi-judicial" administrative decisions, judicial review is limited to review by certiorari. *Plunkett v. First Nat'l Bank of Austin,* 262 Minn. 231, 245–46, 115 N.W.2d 235, 245 (1962). The court of appeals has initial jurisdiction over writs of certiorari. *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App.1994), *pet. for rev. denied* (Minn. Sept. 16, 1994).

■ A public board's act is quasi-judicial if it is the product or result of discretionary investigation, consideration, and evaluation of evidentiary facts. *Neitzel v. County of Redwood,* 521 N.W.2d 73, 75 (Minn.App.1994), *pet. for rev. denied* (Minn. Oct. 27, 1994). A county board's denial of a conditional use permit

> is a quasi-judicial decision because it requires a county board to determine facts about the nature and effects of the proposed use and then exercise its discretion in determining whether to allow the use.

*Id.*

■ The county's ordinance provides that no person shall use property for "solid waste management purposes, except at an operation for which a license has been granted by the County Board." Otter Tail County, Minn., Solid Waste Ordinance § 4.01 (Dec. 21, 1988). The ordinance is functionally equivalent to zoning because it regulates the use of land. The county could, in its discretion, grant or deny the permit based on whether the particular use is appropriate at the requested site, the same as it would grant or deny a conditional use permit. Thus, the county's decision is quasi-judicial.

There is no statute providing for judicial review of the county's decision. Otter Tail County enacted its ordinance under the authority of The County Solid Waste Management Act of 1971. *See* Minn.Stat. § 400.01 (1990) (authorizing counties to enact solid waste management programs). Counties may "by ordinance establish and revise rules, regulations and standards" for solid waste management. Minn.Stat. § 400.16 (1990). "The ordinance may be enforced by injunction, action to compel performance, or other appropriate action in the district court." *Id.* Pierce asserts that the foregoing sentence authorizes him to obtain district court review of the county's decision. But section 400.16 only authorizes the county to *enforce* its ordinances in district court; it does not authorize one aggrieved by county action to obtain judicial review in district court and appellate review is not provided by the Minnesota Administrative Procedure Act because the county lacks statewide jurisdiction. *See Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992) (APA applies only to entities having statewide jurisdiction).

Pierce argues that certiorari is not the appropriate means to review zoning and related decisions, relying on *Honn v. City of Coon Rapids,* 313 N.W.2d 409 (Minn.1981). In *Honn,* the supreme court stated that declaratory judgment and mandamus generally are the proper means of review in "any zoning matter, whether legislative or quasi-legis-

lative." *Id.* at 416. But *Honn* only addressed the proper means of review of municipal zoning decisions under section 462.361, subdivision 1. *Neitzel,* 521 N.W.2d at 76. That section provides that a person aggrieved by a decision of a body acting pursuant to sections 462.351 to 462.364 may obtain review "by an appropriate remedy in the district court." Minn.Stat. § 462.361, subd. 1 (1990). *Honn* held that a writ of certiorari from this court was not the exclusive means of review because section 462.361 explicitly provided for review in the district court.[1]

Nor does chapter 394—governing county zoning—authorize a party who has been denied a permit to obtain review of the county's decision by any means other than a writ of certiorari. *Neitzel,* 521 N.W.2d at 76. Section 394.37 only provides that taxpayers may institute mandamus proceedings in district court to *enforce* the zoning provisions of sections 394.21 to 394.37. Minn.Stat. § 394.37, subd. 4 (1990).

■ Accordingly, Pierce is left with a writ of certiorari from this court as his exclusive

means to obtain review of the county's decision.[2] A writ of certiorari must be issued within 60 days after the party seeking review received notice of the decision to be reviewed. Minn.Stat. § 606.01 (1990). This court lacks the authority to extend the time to obtain a writ of certiorari and may not hear an untimely appeal "in the interests of justice." *Township of Honner,* 518 N.W.2d at 641.

## DECISION

The county board's denial of a solid waste permit under chapter 400 may be reviewed only by obtaining a writ of certiorari from the court of appeals within 60 days of the county's decision.

**Appeal dismissed.**

---

1. Pierce's reliance on *White Bear Rod & Gun Club v. City of Hugo,* 388 N.W.2d 739 (Minn. 1986), is misplaced for the same reason. *White Bear,* like *Honn,* concerned zoning decisions under section 462.361. Although the court permitted certiorari review of whether the city "set out its decision in proper legal form for judicial review," it did so under the narrow exception announced in *Honn. White Bear,* 388 N.W.2d at 742.

2. Because a writ of certiorari from this court is the only method of judicial review, the district court also lacked jurisdiction. *Dokmo v. Independent Sch. Dist. No. 11,* 459 N.W.2d 671, 677–78 (Minn.1990). The county, however, raised no jurisdictional question during the district court proceedings.