**Claude MICIUS, Appellant,**

v.

**ST. PAUL CITY COUNCIL, et al., Respondents.**

No. C3–94–780.

Court of Appeals of Minnesota.

Dec. 6, 1994.

Claude Micius, pro se.

Timothy E. Marx, St. Paul City Atty., Philip B. Byrne, Asst. City Atty., St. Paul, for respondents.

Considered and decided by PETERSON, P.J., and LANSING and HUSPENI, JJ.

## OPINION

PETERSON, Judge.

Appellant sought review in the district court of the St. Paul City Council's denial of his liquor license application. The district court dismissed appellant's lawsuit for lack of jurisdiction. This appeal is from the judgment of dismissal. We affirm.

## FACTS

Appellant Claude Micius applied for an off-sale liquor license to operate a liquor store in St. Paul. The St. Paul Office of License, Inspections and Environmental Protection determined that Micius met the minimum requirements of the St. Paul Legislative Code for the issuance of an off-sale liquor license and recommended granting the license. Respondent St. Paul City Council then held a hearing on the application. Due to neighborhood opposition, the city council referred the application for a hearing before an administrative law judge (ALJ) pursuant to St. Paul, Minn., Legislative Code §§ 310.05–.06 (1987).

The ALJ recommended denying Micius's application. The city council voted to deny Micius's application but based the denial on a different ground than that recommended by the ALJ. Micius then began a lawsuit in the district court against the city council and respondent council member William Wilson seeking an order requiring the city council to issue the liquor license. Based on its determination that certiorari was the appropriate method for Micius to obtain judicial review of the city council's decision, the district court dismissed the lawsuit for lack of jurisdiction.

## ISSUE

Was bringing an action in the district court a proper method for appellant to obtain judicial review of the city council's decision?

## ANALYSIS

 Unless otherwise provided by statute or appellate rule, to obtain judicial review of an administrative agency's quasi-judicial decision, a party must petition the court of appeals for a writ of certiorari. *Neitzel v.*

*County of Redwood,* 521 N.W.2d 73, 75–76 (Minn.App.1994), *pet. for rev. denied* (Minn. Oct. 27, 1994). If no statute or rule expressly vests judicial review in the district court, this court has exclusive certiorari jurisdiction. *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App. 1994), *pet. for rev. denied* (Minn. Sept. 16, 1994).

A quasi-judicial act is an act of a public officer, commission, or board that is "presumably the product or result of investigation, consideration and deliberate human judgment based upon evidentiary facts of some sort commanding the exercise of their discretionary power. It is the performance of an administrative act which depends upon and requires the existence, or non-existence of certain facts which must be ascertained and the investigation and determination of such facts cause the administrative act to be termed quasi judicial."

*Neitzel,* 521 N.W.2d at 75 (quoting *Oakman v. City of Eveleth,* 163 Minn. 100, 108–09, 203 N.W. 514, 517 (1925)). Deciding whether to issue a liquor license is a quasi-judicial act. *See Country Liquors, Inc. v. City Council,* 264 N.W.2d 821, 824 (Minn.1978) (city council has broad discretion to decide whether to issue liquor license based on evidence presented to council); *Godfather, Inc. v. City of Bloomington,* 375 N.W.2d 68, 70–71 (Minn. App.1985) (same), *pet. for rev. denied* (Minn. Dec. 13, 1985).

█ The liquor act does not vest judicial review of a city council's decision on a liquor license application in the district court. *See* Minn.Stat. §§ 340A.101–.909 (1992 & Supp. 1993) (liquor act). In *Miller v. City of St. Paul,* 363 N.W.2d 806, 810 (Minn.App.1985), *pet. for rev. denied* (Minn. Apr. 26, 1985), this court rejected the argument that statutory and rule changes giving the court of appeals certiorari jurisdiction over a city council's decision to revoke a liquor license precluded district court review. But after *Miller* was decided, the supreme court concluded:

> The creation of the court of appeals precipitated numerous statutory and appellate rule amendments which generally substituted that court for the district court in

those areas in which the latter court acted in an appellate capacity.

*Strand v. Special Sch. Dist. No. 1,* 392 N.W.2d 881, 883 (Minn.1986); *see also Dokmo v. Independent Sch. Dist. No. 11, Anoka–Hennepin,* 459 N.W.2d 671, 673–74 (Minn. 1990) (petitioning court of appeals for writ of certiorari only method to obtain review of school board's decision on teacher related matters). Because *Miller* was decided before *Strand* and *Dokmo,* we conclude it does not control this case.

## DECISION

Because no right of judicial review of the city council's quasi-judicial decision has been provided by statute or appellate rule, a writ of certiorari issued by this court was the only available method to obtain judicial review of the city council's decision. The district court properly dismissed Micius's lawsuit for lack of jurisdiction.

**Affirmed.**