George **SHETKA**, Appellant,

v.

**AITKIN COUNTY**, Respondent.

No. C1–95–1355.

Court of Appeals of Minnesota.

Dec. 26, 1995.

Review Denied Feb. 27, 1996.

---

Timothy R. Thornton, Jack Y. Perry, Briggs and Morgan, P.A., Minneapolis, for appellant.

Bradley C. Rhodes, Aitkin County Attorney, Aitkin, for respondent.

Considered and decided by HUSPENI, P.J., and KLAPHAKE and WILLIS, JJ.

## OPINION

HUSPENI, Judge.

As directed by the Aitkin County Shoreland Management Ordinance, appellant George Shetka sought review of the Aitkin County planning commission's denial of his conditional use permit application first by the county board and then by the district court. The district court dismissed Shetka's complaint for lack of subject matter jurisdiction, stating that a writ of certiorari was the only available method to obtain judicial review pursuant to Minn.Stat. § 394.27, subd. 2. When the district court issued its decision, however, the time for Shetka to obtain a writ of certiorari had expired. Because Shetka followed the mandates of the Shoreland Management Ordinance and would be denied judicial review through no fault of his own if

the statutory requirements were applied strictly against him, we reverse and remand.

## FACTS

On or about March 24, 1994, Shetka submitted a conditional use permit application for a gravel extraction and crushing operation on property that is zoned as shoreland. On April 18, 1994,[1] the Aitkin County Planning Commission conducted a public hearing and denied Shetka's conditional use permit application. He appealed the planning commission's decision to the Aitkin County Board of Adjustment on or about May 11, 1994. But because the Aitkin County Shoreland Management Ordinance specifically provided that any planning commission decision relative to a conditional use permit may be appealed to the county board, Shetka's appeal came before the county board rather than the board of adjustment. On June 27, 1994, the county board denied the permit application.

Pursuant to the Shoreland Management Ordinance, Shetka appealed the county board's decision to the district court on July 22, 1994, and on December 6, 1994, he moved for summary judgment. The county responded with a motion to dismiss for lack of subject matter jurisdiction, which the district court granted.

In dismissing Shetka's complaint for lack of subject matter jurisdiction, the district court stated in part:

> Pursuant to the shoreland ordinance, [Shetka] appealed the decision of the county board to the Aitkin County District Court * * *. * * * Where there is no statutory authority for judicial review of a quasi-judicial administrative agency decision, judicial review is limited to review by certiorari. * * * [The statutes] do not specifically authorize the method of judicial review set forth in the shoreland ordinance. * * * [A] writ of certiorari from the court of appeals is the exclusive means

to obtain judicial review of the county's decision. * * * The Court is bound by the precedent set forth in *Neitzel* and *Pierce*[2] and therefore lacks subject matter jurisdiction of [Shetka's] appeal. That Aitkin County admitted jurisdiction was proper and failed to challenge jurisdiction until two days before the hearing on plaintiff's summary judgment motion is irrelevant. Subject matter jurisdiction cannot be conferred upon the courts by consent or waiver, and the lack of subject matter jurisdiction can be raised by any party as well as by the court at any time. * * * The Court is * * * deeply troubled by the grossly unfair predicament in which Aitkin County has placed [Shetka] and others similarly situated. * * * [T]hrough both its ordinance and its actions, Aitkin County has essentially precluded [Shetka] from obtaining judicial review of the county's denial of his application for a conditional use permit.

## ISSUE

Was bringing an action in the district court a proper method for Shetka to obtain judicial review of the county board's decision?

## ANALYSIS

Resolution of the issue in this case requires examination of both Minnesota statutes and Aitkin County ordinances.

### Statute

Minnesota Statutes Chapter 394 allows counties to carry out planning, development, and zoning activities, including the issuance of conditional use permits. Whenever a county board adopts official controls, it must also create a board of adjustment. Minn. Stat. § 394.27, subd. 1 (1994). In 1984, the Aitkin County Board of Commissioners created the Aitkin County Board of Adjustment. The board of adjustment shall

> hear and decide appeals from and review any order, requirement, decision, or deter-

1. Although the planning commission meeting minutes list the date as March 18, 1994, the trial court's memorandum states that the hearing was held on April 18, 1994.

2. *Neitzel v. County of Redwood*, 521 N.W.2d 73 (Minn.App.1994), *review denied* (Minn. Oct. 27,

1994), and *Pierce v. Otter Tail County*, 524 N.W.2d 308 (Minn.App.1994), *review denied* (Minn. Feb. 3, 1995), were released after Shetka appealed to the district court but before the district court heard this matter.

mination made by any administrative official charged with enforcing any ordinance adopted pursuant to the provision of sections 394.21 to 394.37 * * *.

Minn.Stat. § 394.27, subd. 5 (1994). The board of adjustment

> may reverse or affirm wholly or partly, or may modify the order, requirement, decision, or determination appealed from and to that end shall have all the powers of the officer from whom the appeal was taken and may direct the issuance of a permit.

Minn.Stat. § 394.27, subd. 6 (1994). All decisions by the board of adjustment may be appealed to the district court. Minn.Stat. § 394.27, subd. 9 (1994).

### Zoning Ordinance

The Aitkin County Zoning Ordinance provides that any land use listed as "conditional" in the classification list "shall be permitted only after the approval of a Conditional Use application by the Planning Commission." Zoning Ordinance, art. 10.00. The language used in the Aitkin County Zoning Ordinance is virtually identical with that used in Minn. Stat. § 394.27, subds. 5, 6. Zoning Ordinance, articles 9.03(b) and 9.04(d).

Neither the ordinance nor the statute, however, specifically provides for the board of adjustment to review decisions on conditional use permit applications made by the planning commission or the county board. Although the statute permits an ordinance to designate the county board or the planning commission as "the approval authority for one or more categories of conditional uses," neither the Zoning Ordinance nor the statute classifies the county board or the planning commission as an "administrative official charged with enforcing" the provisions of the ordinance with respect to the issuance of conditional use permits. *See* Minn.Stat. § 394.27, subd. 5.

### Shoreland Management Ordinance

The Aitkin County Shoreland Management Ordinance, effective January 1992, authorizes the planning commission to grant or deny applications for conditional use permits. Shoreland Management Ordinance, section 3.43. Unlike both the statute and the Zoning Ordinance, the Shoreland Management Ordinance specifically provides that any planning commission decision relative to a conditional use permit may be appealed to the county board which "shall have the same authority as the Planning Commission to deny or authorize issuance of the conditional use permit and to impose restrictions or conditions." Shoreland Management Ordinance, section 3.45. The Shoreland Management Ordinance also provides that the county board's decision may then be appealed "to the district court having jurisdiction by the same persons, departments, boards or commissions who had the right to appeal to the County Board." *Id.*

There is no dispute regarding the quasi-judicial nature of the action taken by the Aitkin County Board. Shetka followed the procedures set forth in the Aitkin County Shoreland Management Ordinance by bringing his appeal in the district court. During the pendency of his appeal in that court, however, case law proscribing that procedure was released. In *Neitzel v. County of Redwood,* 521 N.W.2d 73, 75 (Minn.App.1994), *review denied* (Minn. Oct. 27, 1994), this court determined that a county board's denial of a conditional use permit

> is a quasi-judicial decision because it requires a county board to determine facts about the nature and effects of the proposed use and then exercise its discretion in determining whether to allow the use.

*Id.*

"Where the legislature has not provided by statute for judicial review of 'quasi-judicial' administrative decisions, judicial review is limited to review by certiorari." *Pierce v. Otter Tail County,* 524 N.W.2d 308, 309 (Minn.App.1994), *review denied* (Minn. Feb. 3, 1995). While earlier case law was instructive with respect to the rationale behind judicial review by writ of certiorari,[3] it remained

---

**3.** In *Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992), the supreme court observed:

> Because it mandates nonintrusive and expedient judicial review, certiorari is compatible

> with the maintenance of fundamental separation of power principles, and thus is a particularly appropriate method of limiting and coor-

for *Neitzel* and *Pierce* to apply that rationale specifically to conditional use permits.

■ A writ of certiorari must be issued within 60 days after the party seeking review received notice of the decision to be reviewed. Minn.Stat. § 606.01 (1994). This court lacks the authority to extend the time to obtain a writ of certiorari and may not hear an untimely appeal "in the interests of justice." *Township of Honner v. Redwood County*, 518 N.W.2d 639, 641 (Minn.App. 1994), *review denied* (Minn. Sept. 16, 1994). The complexity of the issue we must resolve in this case is exacerbated by the fact that *Neitzel* and *Pierce* were released after the expiration of the 60–day period in which Shetka could have brought a writ for certiorari. In a case antedating *Neitzel* and *Pierce*, the supreme court permitted review by the route Shetka wishes to pursue. *Earthburners, Inc. v. County of Carlton*, 513 N.W.2d 460 (Minn.1994) (remanding a conditional use permit application to the county board because the county board had denied the application without articulating the basis for denial), provided that county board decisions may be appealed to the district court, just as the Shoreland Management Ordinance provides. As noted by *Neitzel*, 521 N.W.2d at 76 n. 1, however, the issue of proper method to obtain judicial review was not raised in *Earthburners*.

We decline to distinguish *Earthburners* on the grounds that the jurisdiction issue was not raised, but is raised here. Because *Earthburners* did not address the proper method to obtain judicial review, it must be construed to permit waiver of the right to challenge jurisdiction in cases involving the question of review of quasi-judicial administrative decisions by writ of certiorari as opposed to appeal to the district court. If the district court in this case was correct in observing that "subject matter jurisdiction cannot be conferred upon the courts by consent or waiver," *Earthburners* would have no continuing viability. We believe the sounder policy, especially under the tortuous procedural posture of this case, is to recognize the possibility of valid waiver. We conclude that

dinating judicial review of the quasi-judicial

Aitkin County waived its right to challenge jurisdiction in this case.

■ We agree with Shetka's argument that the Shoreland Management Ordinance provision directing him to appeal to the county board and then to the district court equitably estops the county's recent embrace of certiorari as the exclusive method of judicial review. Equitable estoppel is a discretionary matter with the trial court, and it is not freely applied against the government. *REM–Canby, Inc. v. Minnesota Dep't of Human Services*, 494 N.W.2d 71, 74 (Minn.App. 1992), *review denied* (Minn. Feb. 25, 1993).

> To establish a claim of equitable estoppel against the government, [appellant] must prove: (a) the government made a misrepresentation of a material fact; (b) the government knew the representation was false; (c) the government intended that its representation be acted upon; (d) the providers did not know the facts; and (e) the providers relied upon the government's misrepresentation to their detriment.

*Id.* Appellant must show the government engaged in affirmative misconduct, rather than simple inadvertence, mistake or imperfect conduct. *Id.* Courts must weigh the public interest frustrated by the estoppel against the equities of the case. *Mesaba Aviation Div. of Halvorson of Duluth, Inc. v. County of Itasca*, 258 N.W.2d 877, 880 (Minn.1977). Because Shetka followed the mandates of the Shoreland Management Ordinance and would be denied judicial review through no fault of his own if the statutory requirements were applied strictly against him, we conclude that Shetka has met the requirements for equitable estoppel.

The district court's concern about the unfairness of the decision it felt compelled to render is evident on the record before us. We share that concern and note further the "catch 22" nature of Shetka's position. It seems to us that if Shetka had attempted to appeal the conditional use permit denial by writ of certiorari to this court, he would have risked dismissal for his failure to exhaust the remedies mandated by the Shoreland Management Ordinance. Alternatively, by ap-

decisions of executive bodies.

pealing the conditional use permit denial to the district court, as explicitly required by the ordinance, he has suffered the dismissal of that appeal for lack of subject matter jurisdiction. We cannot look away and leave Shetka in such a predicament.

A question remains. Could Shetka not have merely submitted a new conditional use permit application? The answer, evident from the record, is "No." The county has publicly announced its intent to adopt a new Mining Ordinance that mandates, in relevant part, a minimum ¼ mile distance between crushing operations and the closest residence. Because Shetka's operations are within ¼ mile of the closest residence, the new minimum distance requirement effectively forecloses his ability to bring a new application.

A final note: Following *Neitzel,* a writ of certiorari issued by this court should be the sole remedy available to obtain review of a county board's decision with regard to conditional use permits. To the extent that the Aitkin County ordinance that is the subject of this case is inconsistent with the case law and statutes of Minnesota, the ordinance must be modified.

## DECISION

Because Shetka was denied judicial review of the county's denial of his conditional use permit application through no fault of his own, we reverse and remand.

**Reversed and remanded.**