NAEGELE OUTDOOR ADVERTISING,
INC., Appellant,

v.

MINNEAPOLIS COMMUNITY
DEVELOPMENT AGENCY,
Respondent.

No. CX–96–201.

Court of Appeals of Minnesota.

July 2, 1996.

Richard I. Diamond, Marvin A. Liszt, Diamond, Liszt & Grady, P.A., Minneapolis, for appellant.

Fred Burstein, Dylan J. McFarland, Burstein, Hertogs, Olsen & McFarland, P.A., Minneapolis, for respondent.

Considered and decided by KALITOWSKI, P.J., and PARKER and RANDALL, JJ.

## OPINION

PARKER, Judge.

Respondent Minneapolis Community Development Agency (MCDA) issued a decision regarding appellant Naegele Outdoor Advertising's entitlement to relocation benefits for several advertising signs. Naegele appealed the MCDA's decision to district court and also sued for conversion. The district court granted summary judgment in favor of the MCDA on the conversion claim and dismissed Naegele's direct appeal for lack of subject matter jurisdiction, reasoning that Naegele should have appealed by writ of certiorari to this court. We affirm.

## FACTS

The MCDA acquired 26 locations upon which Naegele had maintained outdoor advertising signs. The MCDA awarded Naegele relocation benefits for several of the signs, but Naegele disputed the amount of the benefits.

The MCDA appointed a hearing officer to review the benefits awarded for the locations. The hearing officer was an assistant Minneapolis City Attorney and served as an attorney for the MCDA. At the commencement of the hearing, the hearing officer informed the parties of his connection with the MCDA and stated that he had not been involved in the 26 acquisitions. Naegele did not challenge the hearing officer's appointment, nor did Naegele ask him to recuse. The hearing officer conducted a five-day hearing and issued a decision that Naegele was entitled to relocation benefits in an amount less than Naegele had requested. The decision notified the parties of "the right to seek judicial review of this decision."

Naegele commenced an action in district court, claiming (1) entitlement to additional relocation benefits; (2) conversion; and (3) a denial of due process of law as a result of the hearing officer's appointment. The MCDA moved to dismiss for lack of jurisdiction and moved for summary judgment on Naegele's conversion claim. The district court granted both motions, concluding that the hearing officer's decision was a quasi-judicial decision that could be reviewed only on certiorari to this court and that Naegele had not presented any evidence to support its conversion claim.

## ISSUES

I. Did the district court lack subject matter jurisdiction over Naegele's appeal?

II. Is the issue of the hearing officer's appointment reviewable on appeal?

III. Did the district court err by granting summary judgment on Naegele's conversion claim?

## DISCUSSION

### I.

The district court dismissed Naegele's action for lack of subject matter jurisdiction. We need not defer to the district court's decision on this issue. *See Desjarlait v. Desjarlait,* 379 N.W.2d 139, 141–44 (Minn. App.1985) (applying standard of review for legal conclusions to subject matter jurisdiction challenge), *review denied* (Minn. Jan. 31, 1986).

Both parties concede that the hearing officer's decision was quasi-judicial. *See Oakman v. City of Eveleth,* 163 Minn. 100, 108–09, 203 N.W. 514, 517 (1925) (stating that quasi-judicial decision requires the performance of a discretionary act, which depends on the ascertainment, consideration, and determination of evidentiary facts). Judicial review of an administrative body's quasi-judicial decision must be invoked by writ of certiorari when no other right of review is authorized by statute or appellate rule. *Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992); *In re Haymes,* 444 N.W.2d 257, 259 (Minn.1989).

The parties agree that the Minnesota Uniform Relocation Act governs Naegele's right to relocation benefits. Minn.Stat. §§ 117.50–.56 (1994). The Minnesota Act references the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, title 42, §§ 4601—4655, as amended,

and regulations promulgated thereunder. Minn.Stat. § 117.52.

The regulations promulgated under the federal Act provide that if a party is not granted its requested relief, the agency must advise the party "of his or her right to seek *judicial review.*" 49 C.F.R. § 24.10(g) (1994) (emphasis added). The regulations do not specifically provide for review in district court. In the absence of authority to review an administrative decision in district court, a writ of certiorari pursuant to Minn.Stat. § 606.01 and Minn. R. Civ.App. P. 120 is the only method of review. *Pierce v. Otter Tail County,* 524 N.W.2d 308 (Minn.App.1994), *review denied* (Minn. Feb. 3, 1995); *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App.1994), *review denied* (Minn. Sept. 16, 1994);.

■ Naegele cites *Shetka v. Aitkin County,* 541 N.W.2d 349 (Minn.App.1995), *review denied* (Minn. Feb. 27, 1996). There, an ordinance specifically directed a landowner to appeal to the county board and then to district court. The district court dismissed the appeal for lack of jurisdiction because no statute provided for review in the district court. This court reversed, holding that the county was estopped from challenging the district court's jurisdiction. *Id.* at 353. The facts of *Shetka* are distinguishable because in the present case the federal regulations do not provide for an appeal to the district court. Furthermore, as *Shetka* recognized, estoppel "is not freely applied against the government." *Id.* Estoppel will be invoked only if the government has affirmatively misled a party, knowing the representation was false. *Id.* There is no evidence that the hearing officer affirmatively misrepresented the proper method of appealing his decision; rather, he simply notified Naegele of its "right to seek judicial review" of his decision. This notification was all that was required by the federal regulations upon which Naegele relies. 49 C.F.R. § 24.10(g).

The fact that prior appeals from MCDA decisions have proceeded to district court does not prevent us from addressing the jurisdictional issue in this case. *Neitzel v. County of Redwood,* 521 N.W.2d 73, 76 n. 1 (Minn.App.1994) (stating, "Although judicial review * * * has been obtained by bringing an action in the district court, the issue of the proper method to obtain review was not raised in those cases"), *review denied* (Minn. Oct. 27, 1994). Moreover, in *Application of Wilkins Pontiac, Inc.,* 530 N.W.2d 571 (Minn.App.1995), this court reviewed on certiorari a relocation decision by a local agency under Minn.Stat. § 117.52, *review denied* (Minn. June 23, 1995).

■ Naegele argues that certiorari is inappropriate because "[i]t is questionable under existing authority whether review by certiorari can correct errors of law." Certiorari, however, is certainly appropriate to review questions of law. *See, e.g., Dietz,* 487 N.W.2d at 239 (stating that certiorari is limited to determining, among other things, whether a decision was issued "under an erroneous theory of law").

We believe the law is now well settled. In the absence of explicit "bright line" authority for review of a local agency's quasi-judicial decision in district court, a party's sole remedy is to appeal to this court by writ of certiorari. *See Toby's of Alexandria, Inc. v. County of Douglas,* 545 N.W.2d 54 (Minn.App.1996) (recognizing that either statute or ordinance enacted within power granted by enabling statute may authorize appeal to district court; absent such authority, party must appeal by certiorari); *Neitzel,* 521 N.W.2d at 76 (stating that where no right of judicial review of a county board's decision was provided by statute or appellate rules, writ of certiorari issued by this court was the only remedy for obtaining judicial review of county board's decision).

## II.

The district court did not address the merits of Naegele's challenge to the hearing officer's appointment. The issue, therefore, is not ripe for review at this time; the only question is whether the district court erred by dismissing Naegele's appeal for lack of jurisdiction. *See Christgau v. Fine,* 223 Minn. 452, 463, 27 N.W.2d 193, 199 (1947) (stating that jurisdictional issue was the only issue on appeal from a Commissioner's decision based on lack of jurisdiction).

### III.

The district court granted summary judgment on Naegele's conversion claim. On appeal, we view the evidence in the light most favorable to the party against whom summary judgment was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954). We must determine whether there is a genuine issue of material fact and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

"Conversion has been defined as an act of wilful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession." *Larson v. Archer Daniels–Midland Co.*, 226 Minn. 315, 317, 32 N.W.2d 649, 650 (1948). The district court found that Naegele had presented no evidence that the MCDA did not acquire Naegele's property through proper legal channels.

Naegele argues that the signs could not be relocated because of zoning; therefore, the MCDA's acquisition of the underlying land amounted to a total seizure of the signs. This argument concerns the amount of the relocation benefits awarded—an issue that should have been appealed by certiorari to this court. Naegele does not claim that the MCDA lacked the authority to acquire the underlying land.

### DECISION

The district court properly determined that, absent specific authority, it lacked jurisdiction over Naegele's appeal from the hearing officer's quasi-judicial decision. Naegele's sole remedy was to appeal to this court by certiorari. The district court properly granted summary judgment on Naegele's conversion claim, because there was no evidence that the MCDA had wrongfully acquired Naegele's signs.

**Affirmed.**