**M.R. MacCHARLES, et al., Respondents,**

v.

**STATE of Minnesota DEPARTMENT OF REVENUE, et al., Defendants,**

**Michael A. McGrath in his official capacity as Treasurer of the State of Minnesota, Appellant.**

No. CX–98–557.

Court of Appeals of Minnesota.

Oct. 13, 1998.

Kyle E. Hart, Holly A.R. Hart, Julie A. Doherty, Fabyanske, Westra & Hart, P.A., Minneapolis (for respondents).

Hubert H. Humphrey III, Attorney General, Amy V. Kvalseth, Assistant Attorney General, St. Paul, (for appellant).

Considered and decided by KALITOWSKI, P.J., and AMUNDSON and WILLIS, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Michael A. McGrath, Minnesota State Treasurer, challenges the district court's denial of his motion to dismiss for lack of subject matter jurisdiction, arguing: (1) respondents' only available method of obtaining review of the Anoka County Board of Commissioner's denial of their application to repurchase tax-forfeited property was to petition this court for writ of certiorari; and (2) Minn.Stat. § 284.28, subds. 7–10 (1996), does not confer upon the district court jurisdiction to review the denial of a repurchase application.

## FACTS

Respondents M.R. MacCharles and Virginia MacCharles owned an undivided parcel of undeveloped land in Anoka County described as

> [t]hat part of SW¼ of NE¼ of Sec. .05, Twp. 33, Rgc. 22 lying westerly of the east 990 feet of said quarter, quarter; ex rd; subj to ease of rec. AND Unplatted Township of Linwood, NE¼ of SW¼ of Sec. .05, Twp. 33, Rge. 22 AND Unplatted Township of Linwood, SE¼ of SW¼ of Sec. 05, Twp. 33, Rge 22 AND Unplatted Township of Linwood, NW¼ of SE¼ of Sec. 05, Twp. 33, Rge. 22 AND Unplatted Township of Linwood, SW¼ of SE¼ Sec. 05, Twp. 33, Rge. 22.

This property was not respondents' homestead property; evidence in the record indicates it was one of several investment properties acquired by respondents. In 1985, respondents became delinquent in their tax obligations on the subject property. On September 20, 1991, Anoka County notified respondents that their time to redeem the property, and avoid forfeiture, would expire 60 days after service of the notice.

Prior to the expiration of the redemption period, respondent Virginia MacCharles contacted Ms. Sharon Kosnopfal, deputy tax administrator for Anoka County, and learned that to redeem the property prior to forfeiture, respondents would have to pay approximately $13,000 to $14,000 in back taxes. Respondents allege that Ms. Kosnopfal further

informed them that they could apply to repurchase the property after it forfeited and that the granting of their application was an "automatic" process. Respondents allege that based on this representation they elected to allow their property to forfeit to the state on December 24, 1991.

Respondents submitted a repurchase application on November 30, 1992. Although the repurchase application was placed on the agenda, the Anoka County Board of Commissioners (the Board) did not consider respondents' application at its December meeting. On February 5, 1993, Linwood Township submitted an application for conveyance of the subject property, stating it intended to use the property for "park purposes." At its February 9, 1993, meeting, the Board considered both applications, and passed a resolution approving conveyance of the property to Linwood Township. Respondents were notified of this decision by a letter from the Anoka County Land Commissioner dated February 11, 1993. Respondents did not appeal this decision.

On January 31, 1996, respondents initiated this action for compensation under Minn. Stat. § 284.28, subds. 7–10, in Anoka County District Court. Appellant brought a motion in district court, seeking dismissal based on lack of subject matter jurisdiction. The district court denied the motion.

### ISSUE

Was seeking a timely writ of certiorari from this court the exclusive means by which respondents could obtain review of the Board's denial of their application for repurchase of forfeited property?

### ANALYSIS

■ An appeal may be taken from a district court order denying a motion to dismiss based on lack of subject matter jurisdiction. *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 832–33 (Minn.1995). A district court's decision as to subject matter jurisdiction is a question of law subject to de novo review. *Naegele Outdoor Adver., Inc. v. Minneapolis Community Dev. Agency*, 551 N.W.2d 235, 236 (Minn.App.1996).

■ Respondents failed to redeem their property during the tax forfeiture proceedings, thus allowing the property to forfeit to the state. After the tax forfeiture process is complete, prior owners of forfeited property have the opportunity to apply for repurchase of the property. The repurchase process is set forth in Minn.Stat. § 282.241 (1996), which instructs:

> The owner at the time of forfeiture * * * may repurchase any parcel of land claimed by the state to be forfeited to the state for taxes unless before the time repurchase is made the parcel is sold * * * Except for property which was homesteaded on the date of forfeiture, such repurchase shall be permitted during one year only from the date of forfeiture, and in any case only after the adoption of a resolution by the board of county commissioners determining that thereby undue hardship or injustice resulting from the forfeiture will be corrected, or that permitting such repurchase will promote the use of such lands that will best serve the public interest.

Pursuant to this statute, respondents applied for repurchase of the subject property. Linwood Township also applied for a conveyance of the same forfeited property. At its February 9, 1993, meeting, the Board considered both applications and voted to convey the property to Linwood Township.

Respondents now contend that irregularities in the Board's proceedings unjustly deprived them of the forfeited property. Respondents also claim they relied on representations made by the deputy tax administrator concerning the "automatic" nature of repurchase applications and that such reliance caused them to be unjustly deprived of their property. Respondents initially brought an equitable estoppel claim based on their alleged reliance. This equitable estoppel claim is no longer a part of this suit; respondents voluntarily dismissed the parties against whom they sought recovery based on this theory. Respondents contend, however, that as part of their claim of hardship they raised the reliance issue before the Board at the February 9, 1993, hearing. Thus, we consider the alleged "automatic" statement in so far as respondents' claim for compensation is premised upon the Board's alleged

failure to fully consider the hardship occasioned by the alleged statement.

> It is a well-established rule of law that
>
> in the absence of an adequate method of review or legal remedy, judicial review of the quasi-judicial decisions of administrative bodies, if available, must be invoked by writ of certiorari.

*Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992); *see also Willis v. County of Sherburne,* 555 N.W.2d 277, 282 (Minn.1996) (holding that certiorari is the proper means for obtaining review of quasi-judicial decisions). The district court acknowledged this rule of law, but found that Minn.Stat. § 284.28, subd. 7, provided respondents with a means for obtaining district court review of the Board's decision.

The scope of review allowed under Minn. Stat. § 284.28, subd. 7, is an issue of first impression in this court.[1] Section 284.28 is derived from a Chapter of Minnesota Statutes entitled "Actions Involving Tax Titles" and states:

> Any claimant who by reason of any material failure, omission, error or defect of any public officer or employee in the performance of the officer's or employee's duties under the laws *relating to the taxation of land or forfeiture thereof* is unjustly deprived of any land or of any interest therein, may institute an action in the district court to recover compensation for such unjust deprivation out of the general fund provided in subdivision 8.

Minn.Stat. § 284.28, subd. 7 (1996) (emphasis added). In finding that it had subject matter jurisdiction over respondents' claim, the district court determined that the language "relating to the taxation of land or forfeiture thereof" included actions based on irregularities in the process of *repurchasing* forfeited lands. The district court reasoned that the repurchase of tax-forfeited lands was clearly "connected to" or "associated with" the taxation and forfeiture of land. We disagree.

In the context of this statute we conclude the term "relating to" is ambiguous. When the terms of a statute are unclear, the intention of the legislature may be ascertained by considering:

(1) The occasion and necessity for the law;

(2) The circumstances under which it was enacted;

(3) The mischief to be remedied;

(4) The object to be obtained;

(5) The former law, if any, including other laws upon the same or similar subjects;

(6) The consequences of a particular interpretation;

(7) The contemporaneous legislative history; and

(8) Legislative and administrative interpretations of the statute.

Minn.Stat. § 645.16.

Minn.Stat. § 284.28 was enacted in 1969 as part of a legislative attempt to promote the marketability of tax titles. 1969 Minn. Laws ch. 373, § 1, subd. 5-8 (codified at Minn.Stat. § 284.28 (1971)). To promote marketability, the legislature imposed a one-year statute of limitations on actions attacking tax titles for jurisdictional defects. 1969 Minn. Laws ch. 373, § 1 (now codified at Minn.Stat. § 284.28, subds. 1-2 (1996)). Because this limitation raised due process concerns, the legislature also passed Minn.Stat. § 284.28, subd. 7, to provide compensation in cases where subdivisions 1 and 2 prevent review. 1969 Minn. laws ch. 373, § 1.

■ Minn.Stat. § 284.28, subd. 1, protects the marketability of title based upon, "any failure, omission, error or defect in the proceedings respecting the taxation of the land or forfeiture thereof." Although this language prevents review of forfeiture proceedings, we conclude it does not limit review of repurchase proceedings. Because this language parallels the language of subdivision 7, and subdivision 7 was enacted in response to concerns with subdivisions 1 and 2, we conclude the legislature intended that subdivision 7 be limited to forfeiture proceedings, and that it not be applicable to review of repurchase proceedings.

---

**1.** A similar case considered by this court involving an appeal of the St. Louis County Board's denial of a repurchase application was reviewed by this court under a writ of certiorari. *Radke v.* *St. Louis County Bd.,* 558 N.W.2d 282 (Minn. App.1997). Jurisdiction was not at issue in *Radke.*

■ Further, we note that district court review of the Board's decision under the compensation statute would circumvent fundamental "separation of powers" principles that mandate only limited and expedient judicial review of quasi-judicial decisions. The Minnesota Supreme Court has recently clarified that "quasi-judicial" actions should be limited to "those administrative decisions which are based on evidentiary facts and which resolve disputed claims of rights." *Meath v. Harmful Substance Compensation Bd.*, 550 N.W.2d 275, 279 (Minn.1996). Here, the Board's decision denying respondents' application to repurchase was a quasi-judicial decision resolving disputed claims of rights and was therefore subject to certiorari review.

In our review of quasi-judicial decisions on certiorari we inspect the lower tribunal's record, examining

> whether the board's proceedings were fair and regular, and whether the board's decision was unreasonable, oppressive, arbitrary, fraudulent, without evidentiary support, or based on an incorrect theory of law.

*Radke v. St. Louis County Bd.*, 558 N.W.2d 282, 284 (Minn.App.1997). We conclude that the degree of scrutiny provided on writ of certiorari, though limited, would have been sufficient for this court to have adequately reviewed the Board's decision.

■ Certiorari review of quasi-judicial decisions ensures "the continued vitality of fundamental constitutional principles" that compel the courts to exercise limited scrutiny when the discretionary acts of executive bodies are at issue. *Dietz*, 487 N.W.2d at 241. The type of searching review the district court proposes to offer respondents under the compensation statute is inconsistent with constitutional concerns related to the separation of powers. Such fundamental concerns mandate nonintrusive and expedient review of quasi-judicial decisions. *Id.* at 239.

■ Finally, the district court reasoned that even if it did not have jurisdiction under Minn.Stat. § 284.28, subd. 7, it had subject matter jurisdiction because the Board failed to exercise its discretion in denying respondents' repurchase application. The court reached this conclusion based on its determination that the Board failed to consider respondents' "hardship" arguments. The district court noted that because the Board failed in its obligation to exercise its discretion, this court would have nothing to review on a writ of certiorari. We disagree. The record indicates that respondents' repurchase application was fully considered by the Board. The record also indicates that the Board considered respondents' hardship arguments, including respondents' allegations concerning the clerk's alleged misstatement. We therefore conclude there is no basis for the district court's determination that the Board failed to exercise its discretion in reaching a decision rejecting respondents' purchase application.

■ For the reasons stated above, we hold that review of the Board's decision to convey the property to Linwood Township rather than grant respondents' application to repurchase the property is beyond the scope of Minn.Stat. § 284.28, subd. 7. The district court, therefore, lacks subject matter jurisdiction over respondents' claim brought pursuant to this statute. To obtain review of this decision, respondents were required to obtain certiorari review from this court within 60 days of receiving notice of the Board's action. *See* Minn.Stat. § 606.01 (1996) (setting forth 60–day time limit for applying to this court for a writ of certiorari).

## DECISION

Minn.Stat. § 284.28, subds. 7–10, does not provide the district court with subject matter jurisdiction to review the Anoka County Board of Commissioner's denial of M.R. and Virginia MacCharles' repurchase application.

**Reversed.**